```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JOHN DOE,                                                        :
                                                                 :
                              Plaintiff,                         :
                                                                 :     23 Civ. 4743 (JPC)
               -v-                                               :
                                                                 :         ORDER
DELOITTE LLP GROUP INSURANCE PLAN,                               :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff filed the Complaint in this case using a pseudonym rather than his name. *See* Dkt. 1. On June 8, 2023, the Court issued an order stating that a summons would not issue until Plaintiff sought leave of Court to proceed under a pseudonym. Dkt. 6. Plaintiff sought such leave on June 9, 2023. Dkt. 7.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There is a presumption that a plaintiff will proceed under his own name. *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption.").

The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;

   (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

   (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

   (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age;

   (5) whether the suit is challenging the actions of the government or that of private parties;

   (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

   (7) whether the plaintiff's identity has thus far been kept confidential;

   (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

   (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

   (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90).  The decision whether to allow a party to proceed anonymously is within the sound discretion of the district court.  *Sealed Plaintiff*, 537 F.3d at 190.

  After careful review of the relevant factors, the Court finds that Plaintiff has met his burden of rebutting the presumption that he will proceed under his own name.  The Court finds that factors one, three, four, five, six, seven, and ten listed above weigh in Plaintiff's favor.  With regard to the

first factor, this case entails highly sensitive and personal matters involving Plaintiff's son's mental health, which allegedly manifested in several ways, including thoughts of suicide. Dkt. 1 ¶ 10. As for the third factor, Plaintiff argues that public disclosure of his name could exacerbate his son's alleged medical conditions, and the Court accepts this as true. Dkt. 7 at 4. The fourth factor cuts in Plaintiff's favor because, even though Plaintiff is not a minor, his minor son's health is at the center of this action. The fifth and sixth factors also weigh in Plaintiff's favor because this suit does not involve a public institution, and there is no apparent prejudice to Defendants that would occur should Plaintiff proceed under a pseudonym. Plaintiff's identity has been kept confidential so far, so the seventh factor also weighs in his favor. Finally, as for the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.

Nonetheless, the Court finds that factors two, eight, and nine weigh slightly against Plaintiff. As for the second factor, Plaintiff does not argue that he would be subject to retaliation in the event that his or his son's identity were disclosed. *See* Dkt. 7. With regard to the eighth and ninth factors, the Court recognizes that the public has a right to know who is using the courts, *see Sealed Plaintiff*, 537 F.3d at 189, and that, even though this action at its core seems to involve an issue of law, some facts may well be disputed as this litigation proceeds. Still, none of these factors, individually or collectively, outweigh the factors that cut in favor of Plaintiff.

Although Plaintiff's son would be able to proceed via an abbreviation even if the Court denied Plaintiff's request, *see* Fed. R. Civ. P. 5.2(a)(3), at least one court has recognized that "[s]ince a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08 Civ. 168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008). The Court is persuaded by this and notes that the Second Circuit has approved pseudonyms in

3

similar circumstances. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) ("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion.").

In sum, the Court finds that after weighing the factors outlined in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, Plaintiff may proceed at this stage under the pseudonym "John Doe" and his son my proceed using the initials "A.D." This ruling is without prejudice to Defendants filing an opposition to Plaintiff proceeding anonymously after they appear in this case.

The Clerk of Court is respectfully directed to issue the requested summons. *See* Dkts. 3-4.

SO ORDERED.

Dated: June 13, 2023
New York, New York

JOHN P. CRONAN
United States District Judge