**GREEN HEALTH LAW**
ERISA Health Benefit Appeals and Litigation

201 N. Brand Boulevard, Suite 200
Glendale, CA 91203
(818) 722-1164
egreen@greenhealthlaw.com

April 28, 2025

<u>VIA ECF</u>
Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    *Doe v. Deloitte LLP Group Insurance Plan*
                 Plaintiff's Pre-Motion Letter
                 <u>Case No. 1:23-cv-04743-JPC</u>

Dear Judge Cronan:

        I am Plaintiff's counsel for the case *Doe v. Deloitte LLP Group Insurance Plan*, Case No. 1:23-cv-04743-JPC, and submit this pre-motion letter in compliance with the Court's Individual Rule and Practices in Civil Cases to summarize Plaintiff's anticipated motion and propose a briefing schedule. Plaintiff seeks to file a Motion for Further Relief or in the Alternative Motion for Summary Judgment following the Court's order denying Defendant's Motion for Summary Judgment. ECF No. 44.

        <u>Summary of the Basis of Plaintiff's Motion</u>

        This is an ERISA action brought by Plaintiff John Doe to recover mental health benefits for his 10-year-old son's residential treatment under Plaintiff's employer's group health benefit plan, the Defendant Deloitte LLP Group Insurance Plan, which was administered by Aetna Life Insurance Company ("Aetna").

        By its Memorandum Opinion and Order ("Order") dated February 24, 2025, this Court denied Defendant's Motion for Summary Judgment and granted Plaintiff's Cross-Motion in part. ECF No. 44. The Court determined Aetna's decision to deny benefits was arbitrary and capricious and rendered without reason. *Id.* at p. 12. The Court remanded the matter to Aetna for a new review. *Id.*

        Plaintiff now seeks further relief because Defendant has failed to comply with the Court's Order. ERISA regulations require that, where there are two levels of appeal provided for by the Plan, a final appeal decision on a health claim must be rendered within 30 days of receipt of the claim. 29 C.F.R. § 2560.503-1(i)(2)(iii)(A). Here, the Plan also provides for two levels of appeal and requires that the appeal decision be rendered within 30 days of receipt of the claim.

Honorable John P. Cronan
Re: *Doe v. Deloitte LLP Group Insurance Plan*
April 28, 2025
Page 2

    Under prevailing caselaw, the time frames in ERISA regulations at 29 CFR § 2560.503-1 apply to ensure a "full and fair" review following a court ordered remand of a benefits claim. *Solnin v. Sun Life & Health Ins. Co.*, 766 F. Supp. 2d 380, 393-394 (E.D.N.Y. 2011) (the regulatory deadlines in 29 CFR § 2560.503–1 apply to the defendants' review of plaintiff's claim for benefits post-remand); *Spears v. Liberty Life Assurance Co. of Bos.*, No. 3:11-CV-1807 (VLB), 2019 WL 4766253, at *29 (D. Conn. Sept. 30, 2019) (all ERISA claim procedures, including claim processing deadlines, apply on remand); *Card v. Principal Life Ins. Co.*, No. CV 5:15-139-KKC, 2023 WL 5706202, at *7 (E.D. Ky. Sept. 5, 2023) (courts consistently find that the ERISA regulation deadlines apply to determinations on remand); *Robertson v. Standard Ins. Co.*, 218 F. Supp. 3d 1165, 1169–1172 (D. Or. 2016) (finding that "the deadlines set forth in the ERISA claims regulations apply to a court-ordered remand of a claim"); *Thomas v. Cigna Grp. Ins.*, No. 09-CV-5029 SLT RML, 2013 WL 635929, at *2 (E.D.N.Y. Feb. 20, 2013) (post-remand review of plaintiff's claim should be conducted in accordance with the provisions of 29 C.F.R. § 2560.503–1(i)(I)); *Kroll v. Kaiser Found. Health Plan Long Term Disability Plan*, 2012 WL 12920187, at *2-3 (N.D. Cal. Feb. 10, 2012) (finding that the time period to review a claim found in the ERISA claim regulations applies on remand).

    The Department of Labor stated in its amicus brief in *Solnin* that the ERISA regulations deadlines apply to court remanded benefit claims. The DOL argues that:

> [I]t is untenable and inconsistent with both ERISA section 503 and the implementing claims regulations, as well as with ERISA's stringent fiduciary duties of prudence and loyalty set forth in section 404, 29 U.S.C. § 1104, to allow a plan fiduciary who has acted arbitrarily and capriciously in denying a claim the first time to then take as long as it wants to decide a remanded claim simply because the court did not set time limits.

*Robertson*, 218 F. Supp. 3d at 1169–70 (quoting from the DOL's amicus brief in *Solnin*).

    Thus, Aetna had a deadline of 30 days from the Court's Order on February 24, 2025 to review its prior appeal determination and issue a new decision. Over 60 days have passed since the Court's Order was issued on February 24, 2025 and Defendant has failed to issue any decision which is in violation of the ERISA regulations, the Plan, the DOL, and this Court's Order.

    Defendant's failure to undertake a timely review on remand amounts to a deemed exhaustion or deemed denial of Plaintiff's claim. 29 C.F.R. § 2560.503-1(l)(1). The ERISA regulation provides: "[I]n the case of the failure of a plan to … follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 111, 134 S. Ct. 604, 613, 187 L. Ed. 2d 529 (2013) ("If the plan fails to meet its own deadlines under these procedures, the participant 'shall be deemed to have exhausted the administrative remedies.' § 2560.503-1(l)."); *Robertson*, 218 F. Supp. 3d at 1171 ("Defendant was required to render a decision [on remand] on Plaintiff's LTD claim within 45 days. . . Because Defendant failed to do so, Plaintiff is deemed to have

Honorable John P. Cronan
Re: *Doe v. Deloitte LLP Group Insurance Plan*
April 28, 2025
Page 3

exhausted her administrative remedies and may thus seek judicial review."); *Rappa v. Connecticut Gen. Life Ins. Co.*, No. 06-CV-2285 CBA, 2007 WL 4373949 at *8 (E.D.N.Y. Dec. 11, 2007) ("[A] plan's failure to award benefits within the period specified by the regulations permits a claimant to consider his claim to be deemed denied so that he can seek judicial review.") (citing *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98 (2d Cir. 2005)). Thus, judicial review is now appropriate.

This Court gave multiple clear instructions to Defendant for the remand that was ordered: "remands this case to Aetna for a new review and further explanation of the basis of its decision," "the denial of benefits was arbitrary and capricious because it was 'without reason,' and the Court remands for a new review by Aetna to adequately articulate its determination," "remanded to Aetna for a new review and with instructions to specifically address in any decision whether Sandhill should be granted a single case agreement, including consideration of Plaintiff's arguments concerning the adequacy of in-network offerings." ECF No. 44 at p. 2, 6, 12. Despite this directive, Defendant has failed to render any new decision whatsoever, much less a decision and explanation that addresses the issues required by the Court's Order. Plaintiff contends that Defendant's procedural deficiency post-remand underscores the "blatant deficiencies in its denial letters" which the Court highlighted in its February 24, 2025 Order. ECF No. 44 at p. 10.

As Defendant has provided no reconsideration of its prior appeal determinations that this Court found to be an abuse of discretion, Defendant is in violation of this Court's Order. As a result, Plaintiff requests the Court enter judgment in his and an award of benefits.[1]

Proposed Briefing Schedule

| | |
|---|---|
| Plaintiff file Motion for Further Relief or in the Alternative Motion for Summary Judgment | May 30, 2025 |
| Defendant file responsive brief | June 27, 2025 |
| Plaintiff file reply brief | July 25, 2025 |

Very truly yours,

GREEN HEALTH LAW, APC

*/s/ Elizabeth K. Green*
Elizabeth K. Green, admitted *pro hac vice*
Counsel for Plaintiff John Doe

---

[1] If the Court agrees with Plaintiff's position, Plaintiff will provide an affidavit and other documentary evidence to support the precise amount Plaintiff was required to pay Sandhill Treatment Center for their son's treatment at issue.