

Squire Patton Boggs (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016

O  +1 602 528 4000
F  +1 602 253 8129
squirepattonboggs.com


Daniel B. Pasternak
T  +1 602 528 4187
daniel.pasternak@squirepb.com

May 1, 2025

**FILED VIA CM/ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

    Re:    *Doe v. Deloitte LLP Group Insurance Plan*, Case No. 1:23-cv-04743-JPC
            Defendant's Response to Plaintiff's Pre-Motion Letter (Doc. 45)

Dear Judge Cronan:

On behalf of the Deloitte LLP Group Insurance Plan (the "Plan"), Defendant in the above-referenced case, and in accordance with your Individual Rules and Practices in Civil Cases, No. 6.A., this letter response is submitted in response to Plaintiff's Pre-Motion Letter filed April 28, 2025 (Doc. 45). The Plan opposes the relief sought and briefing schedule proposed by Plaintiff, and responds that the alleged deficiency identified in Plaintiff's Pre-Motion Letter has been cured by Aetna's issuance today, May 1, 2025, of its claim determination as directed by the Court's February 24, 2025 Memorandum Opinion and Order (Doc. 44), which renders the requested relief sought and motion practice proposed by Plaintiff moot.

**Background**

On February 24, 2025, the Court issued a Memorandum Opinion and Order (the "Order") concluding that denial of Plaintiff's claim for health insurance benefits was arbitrary and capricious because Aetna (the Plan's third-party claims administrator) "did not adequately explain the basis for denial by failing to address whether to authorize a single case agreement for the out-of-network provider at issue," and remanding "to Aetna for a new review and further explanation of the basis of its decision." (Doc. 44.) The Court did not specify any deadline or timeline for this review and explanation, but directed the parties to "notify the Court by letter within two weeks of the completion of the new review."

Counsel for Plaintiff and undersigned counsel for the Plan exchanged email correspondence regarding the status of Aetna's review in March 2025. A copy of that correspondence is attached

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

hereto as Exhibit 1, and it reflects that on March 21, 2025, counsel for the Plan advised Plaintiff's counsel that he understood the Aetna review to be in process, did not yet have an expected completion date, but anticipated completion of that review within a few weeks of March 21, 2025. Plaintiff's counsel did not respond to Plan counsel's correspondence, and thus did not object to the indicated timing of Aetna's response nor request a more expedited response, despite being advised that review likely would not be completed within the 30-day timeframe Plaintiff now alleges applies. Rather than conferring with the Plan or addressing claimed deficiencies without Court involvement, Plaintiff's counsel now asks via Pre-Motion Letter that the Court immediately reconsider Plaintiff's request for an award of benefits without consideration of the determination issued by Aetna as ordered by the Court. Plaintiff's request is not proper.

**The Basis for Plaintiff's Pre-Motion Letter is Moot and Plaintiff has Not Suffered any Prejudice.**

Plaintiff alleges that, based upon ERISA regulations at 29 C.F.R. § 2560.503-1, Aetna's response on remand was due within 30 days from Court's Order remanding this case to issue a new benefits claim determination, and that Aetna's failure to issue that determination within 30 days amounts to a "deemed exhaustion or deemed denial of Plaintiff's claim" such that the Court should proceed with considering a request for judgment without further input from Aetna or the Plan.

First, assuming *arguendo* that the ERISA regulations cited by Plaintiff apply in this circumstance as to the timeframe for Aetna's delivery of its claim determination on remand, the Plan disputes that a 30-day review period applies. 29 C.F.R. § 2560.503-1(i)(2)(iii)(A), applicable to post-service claims for group health plans, reads:

> In the case of a post-service claim, except as provided in paragraph (i)(2)(iii)(B) of this section, the plan administrator shall notify the claimant, in accordance with paragraph (j) of this section, of the plan's benefit determination on review within a reasonable period of time. In the case of a group health plan that provides for one appeal of an adverse benefit determination, such notification shall be provided not later than 60 days after receipt by the plan of the claimant's request for review of an adverse benefit determination. In the case of a group health plan that provides for two appeals of an adverse determination, such notification shall be provided, with respect to any one of such two appeals, not later than 30 days after receipt by the plan of the claimant's request for review of the adverse determination.

The Court's Order does not contemplate any appeals or tiers of appeals, and rather directs "a new review" with specific instruction as to what Aetna must consider for its determination on remand, and orders notification to the Court "within two weeks of the completion of the new review." (Doc. 44.) Even if applying a timeline contemplated by the ERISA regulatory scheme for ordinary claims administration, based on the single review directed by the Court, the Plan notes that a 60-day timeframe would apply, through April 25, 2025. Aetna issued its determination just six days later, on May 1, 2025, rendering Plaintiff's concern regarding non-receipt of Aetna's claim determination on remand moot. Aetna's re-review process was thorough and entailed analysis of a lengthy administrative record; and the additional time taken to complete the determination was necessary to adequately conduct the full and fair review ordered by the Court.

Critically, this Court's precedent recognizes that an administrator's total failure to issue a decision may render a claim "deemed denied," but an administrator's decision that is "merely procedurally tardy" remains entitled to judicial review and deference. *Robinson v. Metro. Life Ins. Co.*, No. 06 CIV. 7604 (LLS), 2007 WL 3254397, at *2 (S.D.N.Y. Nov. 2, 2007) (explaining applicability of *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98 (2d Cir.2005)). Here, any procedural tardiness of Aetna does not render the claim on remand "deemed denied." Furthermore, there is no indication of bad faith or other harm or prejudice to Plaintiff based on Aetna's May 1, 2025 delivery of the claim determination on remand. On this point, it bears noting that A.D. was discharged from Sandhill Center more than a year ago, so any (six-day) delay in providing a claim determination on remand had no impact on A.D.'s care.

The cases cited in Plaintiff's Pre-Motion Letter do not support Plaintiff's request that the Court deem administrative review exhausted in these circumstances and enter judgment in Plaintiff's favor without consideration of Aetna's claim determination on remand. Notably, the cases cited by Plaintiff involve the plan administrator ignoring a remand re-review order for one year or more, which is nowhere near the situation in this case. *See Rappa v. Connecticut Gen. Life Ins. Co.*, No. 06-CV-2285 CBA, 2007 WL 4373949, at *2 (E.D.N.Y. Dec. 11, 2007) (noting that the court issued a remand order on May 20, 2005, the plaintiff provided additional medical records for the defendant's review on November 17, 2005, and the defendant failed to respond in any way until May 2006, after plaintiff had initiated a second suit <u>one year</u> after the remand order); *Robertson v. Standard Ins. Co.*, 218 F. Supp. 3d 1165, 1171 (D. Or. 2016) (noting the court ordered remand in November 2015 and as of November 2016—<u>one year later</u>—the defendant still had "yet to render a decision" on the plaintiff's disability claim as ordered on remand). In the third case cited by Plaintiff, *Heimeshoff*, the court reviewed and enforced a contractual limitations provision contained in an insurance policy, and did not consider judicial review of a remanded benefits determination at all. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99 (2013). Here, Aetna issued its determination approximately 66 days after the Court's remand order, and Plaintiff has not suggested any prejudice based upon this timeline.

For the foregoing reasons, the Plan opposes Plaintiff's request that the Court enter judgment in his favor and issue an award of benefits. The Plan further notes that the alleged deficiency identified by Plaintiff (*i.e.*, non-receipt of Aetna's claim determination on remand) has been cured based upon the May 1, 2025 delivery of that determination, and Plaintiff cannot show any prejudice by any purported delay. The Plan therefore opposes Plaintiff's proposal to brief a Motion for Further Relief or in the Alternative Motion for Summary Judgment as moot, and respectfully requests that Plaintiff determine whether continued judicial intervention is required upon due consideration of Aetna's May 1, 2025 claim determination on remand, as ordered by the Court.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

Daniel B. Pasternak
*Counsel for Defendant Deloitte LLP Group Insurance Plan*

cc:  Counsel of Record (by ECF)

# EXHIBIT 1

| | |
|---|---|
| **From:** | Pasternak, Daniel B. |
| **Sent:** | Friday, March 21, 2025 11:47 AM |
| **To:** | Elizabeth Green |
| **Subject:** | RE: Doe v. Deloitte - Status of Aetna's review |

Elizabeth,

My understanding is the review is in process. I do not have an expected completion date but anticipate the review will be completed within the next few weeks.

**Daniel B. Pasternak**
Partner
Squire Patton Boggs (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, Arizona  85016

Office  602.528.4187
Cell     602.326.4999
daniel.pasternak@squirepb.com | www.squirepattonboggs.com



---

**From:** Elizabeth Green <egreen@greenhealthlaw.com>
**Sent:** Wednesday, March 19, 2025 6:17 PM
**To:** Pasternak, Daniel B. <daniel.pasternak@squirepb.com>
**Subject:** [EXT] Doe v. Deloitte - Status of Aetna's review

Hi Dan,

I am writing to get the status of Aetna's review following the Court's decision and the expected completion date.

Thanks,
Elizabeth



Elizabeth K. Green
201 N. Brand Blvd., Suite 200
Glendale, CA 91203
www.greenhealthlaw.com
Main (818) 722-1164
Direct (818) 722-1237