

Squire Patton Boggs (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, Arizona 85016

O  +1 602 528 4000
F  +1 602 253 8129
squirepattonboggs.com

Daniel B. Pasternak
T  +1 602 528 4187
daniel.pasternak@squirepb.com

November 24, 2025

**FILED VIA CM/ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Doe v. Deloitte LLP Group Insurance Plan*; Case No. 1:23-cv-04743-JPC;
             Joint Status Letter

Dear Judge Cronan:

      In accordance with your November 19, 2025 Order in the matter referenced above (Doc. 52), this status letter is jointly submitted by Plaintiff John Doe and Defendant Deloitte LLP Group Insurance Plan.

      The Court's November 19, 2025 Order directs the parties to advise the Court of the disposition of Plaintiff's administrative appeal of Defendant's May 1, 2025 claim determination on remand and to state each party's position on how they propose this matter to proceed. The parties' responses to each of these matters are addressed below.

      Regarding the disposition of Plaintiff's administrative appeal of Defendant's May 1, 2025 claim determination on remand, on November 11, 2025, Aetna provided to Plaintiff its response to that appeal. That response informed Plaintiff that after consideration of Plaintiff's administrative appeal, Aetna maintains "its earlier decision to deny [Plaintiff's] request that [it] determine that a network deficiency existed and that [it] also approve a 'single case agreement' for coverage of [Plaintiff's dependent's] treatment at Sandhill Center from October 11, 2022 to April 13, 2023 based on a purported network deficiency." It additionally notified Plaintiff that "[b]ecause this determination is in response to an administrative appeal of a decision issued on remand as directed by the Court, no further appeals or external review are available."

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

1106127721\1\AMERICAS

Squire Patton Boggs (US) LLP                                    The Honorable John P. Cronan
                                                                November 24, 2025

Regarding each party's position on how they propose this matter proceed, the parties state their respective position below.

<u>Plaintiff's Position</u>

This is an ERISA action brought by Plaintiff John Doe to recover mental health benefits for his 10-year-old son's residential treatment under Plaintiff's employer's group health benefit plan, the Defendant Deloitte LLP Group Insurance Plan, which was administered by Aetna Life Insurance Company ("Aetna").

By its Memorandum Opinion and Order dated February 24, 2025, this Court denied Defendant's Motion for Summary Judgment and granted Plaintiff's Cross-Motion in part. ECF No. 44. The Court determined Aetna's decision to deny benefits was arbitrary and capricious and rendered without reason and remanded the matter to Aetna for a new review. *Id.*

The post-remand administrative process – as directed by the Court's February 24, 2025 Memorandum Opinion and Order (ECF No. 44) and the Court's May 20, 2025 Order regarding remand (ECF No. 50) – is now complete. As the Court instructed, following Aetna's post-remand claim determination, Plaintiff submitted an administrative appeal, and Aetna issued its final response to that appeal on November 11, 2025.

The parties remain in disagreement regarding the ERISA benefits at issue. It is Plaintiff's position that Aetna's post-remand decision is arbitrary and capricious and continues to deny benefits without reason or substantial evidence.

With the administrative record closed and the Court having retained jurisdiction, the case is ready for judicial review. Plaintiff submits that the appropriate next step is for the parties to file cross-motions for summary judgment addressing the standard of review, adequacy of Aetna's post-remand review, and Plaintiff's entitlement to benefits. Plaintiff respectfully requests that the Court set a briefing schedule for the parties' simultaneous Rule 56 motions.

<u>Defendant's Position</u>

Preliminarily, Defendant submits that a brief review of the procedural history and current procedural posture will help inform Defendant's position and proposal below.

- On April 5, 2024, Plaintiff filed a Motion for Judgment Pursuant to Federal Rules of Civil Procedure 52 (Doc. 33) arguing that Plaintiff is entitled to benefits under Section 1132(a)(1)(b) of ERISA.

- On May 3, 2024, Defendant filed a Motion for Summary Judgment brought under Fed. R. Civ. P. 56 (Doc. 36) arguing that Defendant's determination to deny Plaintiff's claim for benefits was appropriate under the terms of the applicable benefit plan and thus that it is entitled to judgment in its favor.

Squire Patton Boggs (US) LLP												The Honorable John P. Cronan
																					November 24, 2025

- Following briefing on the parties' respective motions, on February 24, 2024, the Court issued a Memorandum Opinion and Order (Doc. 44) in which it directed that "[t]his case is remanded to Aetna for a new review and with instructions to specifically address in any decision whether Sandhill should be granted a single case agreement, including consideration of Plaintiff's arguments concerning the adequacy of in-network offerings." Doc. 44, at 12. The Court further noted that the Court "will retain jurisdiction over this case but stay this matter pending remand."

- Aetna issued its claim determination following the Court's remand on May 1, 2025.

- Following a May 14, 2025 teleconference with the Court in which Plaintiff requested the opportunity to submit an administrative appeal to Aetna's May 1, 2025 claim determination on remand, as directed by the Court, Defendant notified the Court on May 19, 2025 that without waiving its position that neither the applicable benefit plan terms or any applicable ERISA regulation specifically provided for, allowed, or permitted Plaintiff to do so, Defendant would consent to Plaintiff's submission of an administrative appeal to Aetna's May 1, 2025 claim determination on remand.

- On May 20, 2025, the Court issued a Memo Endorsement (Doc. 50) directing that Plaintiff file any administrative appeal of Aetna's May 1, 2025 claim determination on remand within 90 days, and directing that Aetna's response to Plaintiff's administrative appeal be provided within 90 days of its receipt of that administrative appeal.

- On August 13, 2025, Plaintiff submitted an administrative appeal of Aetna's May 1, 2025 claim determination on remand.

- On November 11, 2025, Aetna provided its timely response to Plaintiff's August 13, 2025 administrative appeal, affirming its earlier decision to deny Plaintiff's claim for benefits for Plaintiff's dependent's treatment at Sandhill Center.

- On November 18, 2025, the parties submitted a joint letter (Doc. 51) advising the Court that the procedure directed by the Court's May 20, 2025 Order (Doc. 50) had been completed and requesting a status conference to discuss further processing of this case. The Court thereafter endorsed that joint letter on November 19, 2025 (Doc. 52), directed the parties to submit the present joint letter, and scheduled a status conference for November 25, 2025.

In light of this procedural history and in view of the current procedural posture of this case, Defendant submits that the appropriate procedure to resolve Plaintiff's single claim under Section 1132(a)(1)(B) of ERISA is as follows.

- The parties should be permitted to submit motions for summary judgment within 30 days of the Court's order granting leave to file such motions.

- Each party's respective motion for summary judgment should be limited to addressing whether Aetna's November 11, 2025 response to Plaintiff's August 13, 2025 administrative appeal to Aetna's May 1, 2025 claim determination on remand should be upheld, including addressing the

Squire Patton Boggs (US) LLP                                    The Honorable John P. Cronan
                                                                November 24, 2025

appropriate standard of review. Any response submitted by a party opposing the other party's motion for summary judgment should be similarly limited to addressing Aetna's November 11, 2025 response to Plaintiff's August 13, 2025 administrative appeal to Aetna's May 1, 2025 claim determination on remand.

- In connection with each party's respective motion for summary judgment, the parties should be limited to supplementing any Local Civil Rule 56.1 Statement of Undisputed Material Facts with facts arising only after February 24, 2025, which was the date of the Court's Memorandum Opinion and Order (Doc. 44) in this matter. Any responsive correspondingly numbered statement of material fact and/or any statement of additional material facts submitted by a party in response should be similarly limited to facts arising only after the Court's February 24, 2025 Memorandum Opinion and Order (Doc. 44).

- Each party should be permitted to file a reply in support of its motion for summary judgment in accordance with the Local Rules.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

Daniel B. Pasternak, admitted *pro hac vice*
Counsel for Defendant Deloitte LLP Group Insurance Plan

GREEN HEALTH LAW, APC

Elizabeth K. Green, admitted *pro hac vice*
Counsel for Plaintiff John Doe

cc:   Counsel of Record (via ECF)