Elizabeth K. Green, admitted *pro hac vice*
GREEN HEALTH LAW APC
201 N. Brand Blvd., Suite 200
Telephone: (818 722-1164
E-mail: egreen@greenhealthlaw.com

Attorneys for Plaintiff
John Doe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| JOHN DOE, | 23-CV-04743-JPC |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 56** |
| -against- | |
| DELOITTE LLP GROUP INSURANCE PLAN, | ECF CASE |
| Defendant. | |

-------------------------------------------------------------X

Plaintiff John Doe, through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 56, submits the following Reply in Support of Plaintiff's Motion for Summary Judgment.

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction............................................................................................................ | 1 |
| II. | Defendant Failed to Meet Its Burden for a Deferential Standard of Review...................... | 2 |
| III. | The Plan Provides for Out-of-Network Services When In-Network Services are Unavailable ........................................................................................................... | 4 |
| IV. | Aetna Did Not Respond to Plaintiff's Arguments Regarding the Plan Requirements for Residential Treatment Facility and Defendant's Post-Hoc Argument Must be Rejected ................................................................................. | 5 |
| V. | Aetna Wrongly Denied Benefits Based on Secret Criteria................................................ | 8 |
| VI. | Aetna Did Not Respond to Plaintiff's Arguments Regarding Federal and State Insurance Laws and Defendant May Not Now Provide Such Belated Argument............. | 9 |
| VII. | Aetna's Final Determination on Remand Was Arbitrary and Capricious ....................... | 10 |
| VIII. | Requested Relief................................................................................................... | 12 |

TABLE OF AUTHORITIES

*CASES*

*Baker v. Physicians Health Plan of Northern Indiana Group Health Plan*,
    2007 WL 1965278 (N.D. Ind. 2007) .................................................................................. 9

*Burke v. Kodak Ret. Income Plan*,
    336 F.3d 103 (2d Cir. 2003) ..................................................................................... 7, 10

*Conkright v. Frommert*,
    559 U.S. 506; 130 S. Ct. 1640; 176 L. Ed. 2d 469 (2010) ............................................ 2, 3

*Daniel B. v. United Healthcare*,
    No. 220CV00606DBBCMR, 2022 WL 4484622 at *17-18 (D. Utah Sept. 27,
    2022) ................................................................................................................................ 6

*Delprado v. Sedgwick Claims Mgmt. Servs., Inc., No. 1:12-CV-00673 BKS*,
    2015 WL 1780883 (N.D.N.Y. Apr. 20, 2015) ................................................................. 6

*Dick v. Deseret Mut. Benefit Adm'rs*,
    No. 2:21-CV-01194-HL, 2023 WL 2071523 (D. Or. Feb. 17, 2023) .............................. 8

*Egert v. Connecticut General Life Ins.*,
    900 F.2d 1032 (7th Cir. 1990) ......................................................................................... 8

*Feifer v. Prudential Ins. Co. of Am.*,
    306 F.3d 1202 (2d Cir. 2002) .......................................................................................... 4

*Filipowicz v. American Stores Benefit Plans Comm.*,
    56 F.3d 807 (7th Cir. 1995) ............................................................................................. 8

*Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*,
    819 F.3d 42 (2d Cir. 2016) .............................................................................................. 2

*Jamie F. v. UnitedHealthCare Ins. Co.*,
    No. 19-CV-1111-YGR, 2020 WL 6802416 (N.D. Cal. Nov. 19, 2020) .......................... 4

*Juliano v. Health Maint. Org. of New Jersey, Inc.*,
    221 F.3d 279 (2d Cir. 2000) ..................................................................................... 6, 10

*Kekis v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*,
    815 F. Supp. 571 (N.D.N.Y. 1993) ................................................................................. 8

*Krauss v. Oxford Health Plans, Inc.*,
    517 F.3d 614 (2d Cir. 2008) ............................................................................................ 8

*Lauder v. First Unum Life Ins. Co.*,
    284 F.3d 375 (2d Cir. 2002) .................................................................................................. 6

*Mac v. Blue Cross Blue Shield of Michigan*,
    No. 16-CV-13532, 2017 WL 2450290 (E.D. Mich. June 6, 2017) ................................... 9

*Martin v. Hartford Life & Acc. Ins. Co.*,
    478 F. App'x 695 (2d Cir. 2012) ........................................................................................ 6

*Meidl v. Aetna, Inc.*,
    346 F. Supp. 3d 223 (D. Conn. 2018) ................................................................................ 6

*Munnelly v. Fordham Univ. Faculty*,
    316 F. Supp. 3d 714 (S.D.N.Y. 2018) .............................................................................. 10

*Nolan v. Heald Coll.*,
    745 F. Supp. 2d 916 (N.D. Cal. 2010) ............................................................................... 3

*Rhea v. Alan Ritchey, Inc. Welfare Benefit Plan*,
    858 F.3d 340 (5th Cir. 2017) .............................................................................................. 4

*Romanchuk v. Bd. of Trs. of S. California United Food & Com. Workers Joint
    Pension Tr. Fund*,
    779 F. Supp. 3d 1097 (C.D. Cal. 2025) ............................................................................. 3

*Univ. Hosps. v. Emerson Elec. Co.*,
    202 F.3d 839 (6th Cir. 2000) ............................................................................................. 6

**FEDERAL STATUTES**

29 U.S.C. § 1133 ............................................................................................................... 6, 10

**FEDERAL REGULATIONS**

29 C.F.R. § 2560.503-1 ................................................................................................ 2, 7, 10

-1-

MEMORANDUM OF POINTS AND AUTHORITIES

I.    Introduction

Defendant's Opposition fails to justify Aetna's continued pattern of unreasonable denials of benefits for A.D.'s critical residential treatment. This Court previously found that Aetna's denials were arbitrary and capricious for failing to address arguments raised in Plaintiff's appeal letters. ECF No. 44. Aetna's decisions on remand repeat the same procedural failures. Aetna did not fully or fairly consider all arguments raised in Plaintiff's appeals, and Defendant improperly raises post-hoc arguments never articulated in denial letters.

Aetna ignored several arguments raised in Plaintiff's appeals: that Sandhill satisfied the Plan requirements for a provider and residential treatment facility; that Aetna was required to comply with network adequacy protections under the ACA and New York state law; that Aetna's secret criteria do not reflect the standard of care for mental health residential treatment for children; and that the need to transfer A.D. to residential treatment was hastened by Aetna's denial of benefits for his hospitalization.

Defendant's post-hoc arguments must be rejected for lack of notice required under ERISA. Under Second Circuit precedent, post-hoc rationalizations not articulated in denial letters may not be considered by the Court. Plaintiff moves to strike and exclude from the Court's consideration Sections III and V of Defendant's Opposition brief because they present post-hoc arguments not raised in any of Aetna's denial letters.

Plaintiff prevails on the merits under any standard of review. The record establishes that no in-network provider was available for A.D.'s residential treatment and that Sandhill met every applicable Plan requirement for coverage. Plaintiff repeatedly informed Aetna that A.D.'s treatment team recommended Sandhill at the time of his admission. Aetna's reviewer

unreasonably ignored the opinions of the clinicians and specialists who evaluated A.D. for his treatment needs and personally visited residential treatment facilities in question.

For the reasons set forth below and in Plaintiff's Motion for Summary Judgment, Plaintiff respectfully requests that the Court grant summary judgment in Plaintiff's favor.

II.     Defendant Failed to Meet Its Burden for a Deferential Standard of Review

Defendant does not meet its burden to demonstrate that an abuse of discretion standard of review should apply.

First, Defendant contends that pursuant to *Conkright v. Frommert*, 559 U.S. 506, 507, 130 S. Ct. 1640, 1643, 176 L. Ed. 2d 469 (2010), the Court's previous determination of Defendant's arbitrary and capricious conduct is not applicable. The error in Defendant's argument is that Aetna's procedural failings which caused the Court to find its conduct was arbitrary and capricious have only compounded with Aetna's decisions on remand. This Court found that Aetna's denial was arbitrary and capricious for failing to grapple with Plaintiff's argument that out-of-network coverage was permissible. ECF No. 44 at pp. 9-10.

Rather than cure the procedural error identified by the Court, Aetna has repeated it. Plaintiff's appeal specifically quoted the Plan language for provider and residential treatment facility and explained that Sandhill meets the Plan requirements for a residential treatment provider because it is licensed as a residential treatment center by the State of New Mexico. DGIP1921[1]. *Neither of Aetna's decisions on remand address this argument.*

Aetna's failure to comply with the ERISA claims regulations, 29 C.F.R. § 2560.503–1, warrants the claim reviewed de novo in federal court. *Halo v. Yale Health Plan, Dir. of Benefits*

---

[1] Plaintiff raised this argument with the Court in prior dispositive briefing. ECF No. 41 at pp. 7, 27. The Court found that Aetna did not address the issue. ECF No. 44, at p. 7.

*& Recs. Yale Univ.*, 819 F.3d 42, 58 (2d Cir. 2016) (a plan's failure to comply with ERISA regulations will result in de novo review unless the plan can show its failure to comply was inadvertent *and* harmless). Any potential deference is forfeited when the administrator's conduct amounts to more than "a single honest mistake," and instead reflects a series of denials that fail to provide a full and fair review. *Nolan v. Heald Coll.*, 745 F. Supp. 2d 916, 926 (N.D. Cal. 2010) (abuse of discretion standard did not apply because "[t]his case involves not 'a single honest mistake,' but a number of deliberate actions by the plan administrator.").

Aetna's decisions on remand were not single honest mistakes. Aetna repeatedly failed to respond to arguments raised in Plaintiff's appeal, subverted the ERISA goals of efficiency, predictability, and uniformity. *Conkright*, 559 U.S. at 507. Under *Conkright*, a trustee may be stripped of deference when he does not exercise his discretion "honestly and fairly," and multiple erroneous interpretations of the same plan provision "might well support finding that a plan administrator is too incompetent to exercise his discretion fairly." *Id.* at 521. *Romanchuk v. Bd. of Trs. of S. California United Food & Com. Workers Joint Pension Tr. Fund*, 779 F. Supp. 3d 1097, 1119 (C.D. Cal. 2025) (holding the Board abused its discretion when it was given a "second bite at the apple" and the Board issued an unreasonable plan interpretation again).

Second, Defendant fails to show a valid grant of discretionary authority by the SPD. In its prior Order, this Court noted the difficulty in determining the applicable standard of review given that the SPD refers to an unknown "Plan document" whose terms purportedly govern coverage. ECF No. 44, fn. 6. This Court assumed that abuse of discretion review applied because the issue would not alter the disposition. *Id.* Defendant now asks the Court to resolve that open question in its favor. The Court should not.

For brevity and to avoid repetition, Plaintiff incorporates his arguments on this issue found in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 61 at pp. 13-14.

Defendant's case citations do not compel a different result. Neither *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202 (2d Cir. 2002), nor *Rhea v. Alan Ritchey, Inc. Welfare Benefit Plan*, 858 F.3d 340 (5th Cir. 2017), addressed whether an SPD contains a valid delegation of discretionary authority. The *Feifer* case concerned multiple plan documents issued over 30 years ago. Given the development of ERISA and the advent of electronic recordkeeping, extending *Feifer* to excuse the absence of plan documents is no longer practical.

Defendant cannot satisfy its burden of proving entitlement to deferential review by pointing solely to an SPD that explicitly defers to a plan document that was never produced. Accordingly, the de novo standard of review applies.

III.     The Plan Provides for Out-of-Network Services When In-Network Services are Unavailable

The Plan provides for out-of-network services when in-network services are unavailable (DGIP1667-1668, 1739), and Aetna has approved out-of-network services for A.D. through SCAs. DGIP0882, 1771, 1915. Aetna's care manager agreed that if an in-network facility was not available, he would "help the family obtain a single case agreement ["SCA"] or network exception" (DGIP0888). When the provider network is inadequate, as here, claims administrators arrange SCAs with out-of-network providers to ensure that members can access Plan benefits. *Jamie F. v. UnitedHealthCare Ins. Co.*, No. 19-CV-1111-YGR, 2020 WL 6802416, at *1 (N.D. Cal. Nov. 19, 2020). This Court previously found that the "Plan provides for such an exception." ECF No. 44 at p. 7. The question is not whether out-of-network care was possible under the Plan but whether Aetna had a legitimate basis to withhold it here. It did not.

Plaintiff contends that absent such accommodation provided by the Plan, the plan benefit is illusory because it is effectively inaccessible to the plan participants. The decisions cited by Plaintiff are applicable as they demonstrate that courts agree that the Plan benefits are only as good as a participant's ability to access the benefits. Courts agree that health coverage is illusory when there is an inadequate network of providers. For brevity and to avoid repetition, Plaintiff incorporates his arguments on this issue found in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 61 at pp. 28-31.

Defendant incorrectly states (at ECF 59 at p. 11, fn 1) that the dates of service at issue are October 11, 2022 through April 13, 2023. Plaintiff clearly informed Aetna in appeal letters that he was seeking benefits for A.D.'s residential treatment from October 11, 2022 to March 1, 2024. DGIP1911 ("Dates of Service: 10/11/2022 – 3/01/2024"); 1922, 1934, 1938, 1944. Aetna never disputed these dates of service and Defendant may not raise the issue now. Finally, contrary to Defendant's claim, the record confirms that in-network providers were inappropriate and unavailable. DGIP0132-0133, 0885-0888, 1916-1918.

IV. <u>Aetna Did Not Respond to Plaintiff's Arguments Regarding the Plan Requirements for Residential Treatment Facility and Defendant's Post-Hoc Argument Must be Rejected</u>

For the first time in any briefing filed by Defendant in this case, Defendant contends that Sandhill did not satisfy the Plan's definitions as a residential treatment facility or provider. None of the arguments in Section III of Defendant's Opposition were provided in Aetna's decisions and must be excluded from the Court's consideration. Plaintiff moves to strike and exclude Defendant's arguments in Section III of its Opposition from the Court's consideration because Aetna failed to address Plaintiff's arguments during the appeal process. ECF No. 59 at pp 14-15.

Each of Plaintiff's three appeals argued that Sandhill met the Plan requirements for a provider and residential treatment provider. DGIP0134, 0887-0889, 1921. None of Aetna's four denial letters addressed this argument. DGIP0870, 1132, 1862, 1951.

ERISA requires that denials set forth specific reasons for denial, not withhold reasons until litigation. 29 U.S.C. § 1133. Otherwise, participants risk being "sandbagged by after-the-fact plan interpretations devised for purposes of litigation." *Juliano v. Health Maint. Org. of New Jersey, Inc.*, 221 F.3d 279, 287 (2d Cir. 2000); *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375, 382 (2d Cir. 2002) (holding that Unum all the evidence necessary to raise the defense and "could have easily investigated the merits of Lauder's claim. It should not now get another proverbial bite at the apple.").

Courts strongly warn against deferring to post-hoc rationales, finding it problematic to "allow the administrator to 'shore up' a decision after-the-fact by testifying as to the 'true' basis for the decision after the matter is in litigation, possible deficiencies in the decision are identified, and an attorney is consulted to defend the decision by developing creative post hoc arguments that can survive deferential review." *Meidl v. Aetna, Inc.*, 346 F. Supp. 3d 223, 244–45 (D. Conn. 2018) (quoting *Univ. Hosps. v. Emerson Elec. Co.*, 202 F.3d 839, 848-49 n.7 (6th Cir. 2000) and citing cases); *Delprado v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 1:12-CV-00673 BKS, 2015 WL 1780883, at *31 (N.D.N.Y. Apr. 20, 2015) (refused to consider new reason for denial in litigation, stating "any after-the-fact rationale is not relevant to reviewing the Administrator's decision."); *Martin v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 695, 698 (2d Cir. 2012) ("Hartford failed to provide Martin with the 'adequate notice . . . setting forth the specific reasons for such denial' and the 'full and fair review' to which she is entitled."); *Daniel*

*B. v. United Healthcare*, No. 220CV00606DBBCMR, 2022 WL 4484622 at *17-18 (D. Utah Sept. 27, 2022) (refused to credit arguments not raised in the denial letter).

Even if considered, Defendant's argument fails. Defendant claims that Sandhill did not meet the Plan requirements for a residential treatment facility because it was out-of-network, Aetna's reviewer did not "approve a program of treatment offered by Sandhill," and Plaintiff did not obtain a prior authorization for Sandhill. Sandhill met the Plan's requirement for a residential treatment facility. The Plan contains no requirement that Aetna approve a "program of treatment." Aetna denied Plaintiff's request prior authorization for Sandhill, thus resulting in this lawsuit. Defendant cannot point to the absence of prior authorization to defeat Plaintiff's claim when Aetna denied prior authorization on unreasonable grounds.

Defendant's post-hoc challenge to Sandhill's licensure by the State of New Mexico, raised for the first time in Defendant's Opposition brief (at ECF No. 59 at p. 15) is also impermissible and pure afterthought. Plaintiff repeatedly informed Aetna in every appeal letter that Sandhill was licensed as a residential treatment facility by the State of New Mexico. DGIP0134, 0887-0889, 1921. If Aetna required additional documentation regarding Sandhill's license, it was required under ERISA claims regulations to inform Plaintiff of additional information necessary to perfect his claim *during the appeal process*. 29 C.F.R. § 2560.503–1(g) (requiring that a denial provide "any additional material or information necessary for the claimant to perfect the claim"); *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107-09 (2d Cir. 2003) (notice of denial must "be comprehensible and provide the claimant with the information necessary to perfect h[is] claim."); ECF No. 44 at p. 9. None of Aetna's denial letters address Sandhill's license, deficiencies in the license, or request additional documentation. Given Aetna's silence in denial letters, Defendant cannot now assert a new reason for denial.

V.        <u>Aetna Wrongly Denied Benefits Based on Secret Criteria</u>

Defendant fails to justify the imposition of Aetna's secret criteria to deny benefits. Defendant citations do not support its claim that Aetna had authority "to consider in its discretion" request for out-of-network coverage through the prior authorization process. DGIP1667-1668. The utilization review process does not reference any Aetna criteria and only refers to undefined "techniques." *Id.*

For brevity and to avoid repetition, Plaintiff incorporates his arguments on this issue found in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 61 at pp. 23-26.

Defendant's reliance on *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614 (2d Cir. 2008), is misplaced. The *Krauss* decision considered a medical policy which comports with Medicare, a proper basis for payment under the plan. *Id.* at 627-628.

Here, the Plan provides the definition of provider and residential treatment facility and Aetna may not impose secret criteria that restrict coverage otherwise provided by these Plan definitions. DGIP1752, 1682; *Filipowicz v. American Stores Benefit Plans Comm.*, 56 F.3d 807, 815 n. 6 (7th Cir. 1995) ("an interpretive guideline cannot limit coverage provided by the insurance contract," citing *Egert v. Connecticut General Life Ins.*, 900 F.2d 1032, 1306–08 (7th Cir. 1990) (reliance on internal guidelines that were inconsistent with plan terms was arbitrary and capricious)); *Kekis v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*, 815 F. Supp. 571, 579 (N.D.N.Y. 1993) (holding Blue Cross improperly relied on external definition of experimental to deny benefits, rather than the definition of experimental set forth in the plan); *Est. of Dick by & through Dick v. Deseret Mut. Benefit Adm'rs*, No. 2:21-CV-01194-HL, 2023 WL 2071523, at *5 (D. Or. Feb. 17, 2023) (holding that medical policy could only exclude

coverage if the plan provisions did not unambiguously provide coverage); *Baker v. Physicians Health Plan of Northern Indiana Group Health Plan*, 2007 WL 1965278, *10 (N.D. Ind. 2007) (reliance on the external guidelines was arbitrary and capricious because the guidelines were inconsistent with the terms of the plan).

In a similar case, *Mac v. Blue Cross Blue Shield of Michigan*, No. 16-CV-13532, 2017 WL 2450290, at *8 (E.D. Mich. June 6, 2017), the court questioned defendants' claim that external criteria were plan terms. The court's concerns apply equally in this case:

> The Court has no information regarding the who, what, where, and when of the creation of these coverage criteria. Indeed, other than the denial letter sent to Plaintiff, the Court has not seen a document that sets forth these "coverage criteria." Defendants assert that these criteria were incorporated into the Dürr Plan and became unreviewable "plan terms," but absent a more robust record, the Court cannot make that determination. When were these coverage criteria adopted and how were they incorporated into the Dürr Plan? Were they incorporated by amendment? How often have they been revised? Are they available to Dürr Plan participants or need they be? What are the procedures for amending the Dürr Plan and who is authorized to make such amendments?

*Id.* Similarly here, Aetna's criteria are not described in the SPD and there is no information about their development. Defendant does not justify Aetna not disclosing the criteria to Plan participants.

VI. <u>Aetna Did Not Respond to Plaintiff's Arguments Regarding Federal and State Insurance Laws and Defendant May Not Now Provide Such Belated Argument</u>

Defendant argues that Plaintiff cannot rely on the ACA or New York state law for its argument that Aetna must comply with network adequacy protections under those laws. Plaintiff moves to strike and exclude Defendant's arguments in Section V of its Opposition (ECF No. 59 at p. 13) from the Court's consideration because Aetna failed to respond to Plaintiff's argument in denial letters.

For brevity and to avoid repetition, Plaintiff incorporates his arguments on this issue found in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 61 at pp. 31-34.

VII.   <u>Aetna's Final Determination on Remand Was Arbitrary and Capricious</u>

Aetna's final decision cannot be characterized as "thorough" because it failed to answer Plaintiff's argument. Length is not a substitute for substantial evidence or a full and fair review. Aetna's decision skipped key issues raised by Plaintiff: the Plan's requirements for providers and residential treatment facilities, the network adequacy protections under the ACA and New York law, the opinions of A.D.'s treating physicians and residential treatment specialists, and the critical timing of A.D.'s transfer to residential treatment. These omissions render the decision arbitrary and capricious.

The full and fair review requirement is well-established in the Second Circuit. ERISA requires that a claims administrator engage with and respond to a claimant's arguments. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1; *Munnelly v. Fordham Univ. Faculty*, 316 F. Supp. 3d 714, 735 (S.D.N.Y. 2018); *Juliano v. Health Maintenance Org. of N.J., Inc.*, 221 F.3d 279, 287 (2d Cir. 2000); *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107-09 (2d Cir. 2003). This Court found that Aetna's prior denials were arbitrary and capricious for precisely this reason, and Aetna's decision on remand repeats the same failing. ECF No. 44.

Aetna's decision on remand:

- Did not address the specific Plan terms for provider and residential treatment facility which were raised by Plaintiff in three appeals. DGIP0134, 0887-0889, 1921. Defendant – and Aetna – cite *other* Plan language but that does not address the argument and Plan terms posed by Plaintiff.

- Did not explain why it applied the criteria to exclude coverage for residential treatment facilities when the Plan defines a provider and residential treatment facility.

-10-

- Did not address Plaintiff's argument regarding the network adequacy protections under the ACA and New York law. DGIP1953. Aetna ignored Plaintiff's argument that explained *why* the regulations applied even though the Plan is self-funded.[2]

- Did not dispute what Plaintiff was told directly from facilities which rendered them inappropriate, such as five week wait, not accepting children under age 11, and not returning phone calls. *i.e.* DGIP1916, 1957-1960.

- Unreasonably dismissed the deaths of two patients at Oak Plains, which confirmed Plaintiff's previous safety concerns about Oak Plains before A.D.'s admission to Sandhill. DGIP1765.

- Failed to respond to Plaintiff's concerns that A.D.'s transfer to residential treatment was hastened because Aetna denied further benefits for his hospitalization. DGIP1917.

Defendant incorrectly states that A.D.'s treating physicians did not recommend residential treatment at Sandhill at the time of his admission. Plaintiff repeatedly informed Aetna that A.D.'s treatment team recommended Sandhill at the time of his admission:

> The treatment team felt that none of the Aetna recommended centers would be appropriate in meeting [A.D.'s] needs. They collectively came up with two facilities that they felt were appropriate: Sandhill Center and Intermountain Academy in Montana. Intermountain felt that [A.D.'s] level of violence was too high and did not admit him. Sandhill meets all of the needs described in Dr Tatti's letter, and they accepted him.

DGIP0887, 0133, 1918-1919 (Huntsman: "A recommendation of residential was made. . . plan for [A.D.] is to go to Sandhill."); 1920 (Dr. Tatti: "In conclusion, as stated my professional opinion has not changed since October 2022 that Sandhill was the best placement for [A.D.]"). Aetna repeatedly ignored those recommendations.

---

[2] DGIP1915 ("Because Aetna uses the same provider network for both self-funded and insured plans, this standard applies to the network available to members of the Deloitte benefit plan. As an ERISA fiduciary, the Deloitte benefit plan must ensure that the provider network promised to plan members is sufficient in number and type of providers and can be accessed without unreasonable delay.").

Defendant contends that Aetna's reviewer should be given more weight than the opinions of clinicians and specialists who treated A.D. and personally evaluated the facilities at issue. For brevity and to avoid repetition, Plaintiff incorporates his arguments on this issue found in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 61 at pp. 15-18.

VIII.    Requested Relief

Plaintiff respectfully requests the Court grant Plaintiff's motion for summary judgment and enter judgment in Plaintiff's favor, and award benefits, attorney's fees, costs, and prejudgment interest to Plaintiff, to be determined by separate motion.

Dated: March 13, 2026

By: /s/ *Elizabeth K. Green*
Elizabeth K. Green, admitted *pro hac vice*
California State Bar No. 199634
GREEN HEALTH LAW, APC
201 N. Brand Blvd., Suite 200
Telephone: (818 722-1164
E-mail: egreen@greenhealthlaw.com

Eugene Killian, Jr., Esq. (Attorney ID 2043289)
Dimitri Teresh, Esq. (Attorney ID 5125281)
THE KILLIAN FIRM, P.C.
48 Wall Street, 11th Floor,
New York, NY 10005
(732) 912-2100
E-mail: ekillian@tkfpc.com
E-mail: dteresh@tkfpc.com

Attorneys for Plaintiff
John Doe

-13-

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Plaintiff John Doe, certifies that this brief contains 3,472 words, which complies with the word limit of Local Civil Rule 7.1(c).

Dated: March 13, 2026

By: /s/ *Elizabeth K. Green*
Elizabeth K. Green, admitted *pro hac vice*
California State Bar No. 199634
GREEN HEALTH LAW, APC
201 N. Brand Blvd., Suite 200
Telephone: (818 722-1164
E-mail: egreen@greenhealthlaw.com