GREEN HEALTH LAW
ERISA Health Benefit Appeals and Litigation

201 N. Brand Boulevard, Suite 200
Glendale, CA 91203
(818) 722-1164
egreen@greenhealthlaw.com

October 7, 2026

*VIA ECF*
Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Doe v. Deloitte LLP Group Insurance Plan;* Case No. 1:23-cv-04743-JPC
Plaintiff's Pre-Motion Letter

Dear Judge Cronan:

I am Plaintiff's counsel for the case *Doe v. Deloitte LLP Group Insurance Plan* and submit this pre-motion letter in compliance with the Court's Individual Rules and Practices in Civil Cases to summarize Plaintiff's anticipated motion. Plaintiff seeks to file a Motion for Attorney's Fees and Costs pursuant to 29 U.S.C. § 1132(g)(1) and *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Plaintiff also requests that the Court extend the Fed. R. Civ. P. 54(d)(2)(B) motion filing deadline, currently October 14, 2026, so that the motion is due 30 days after the Court issues a ruling on the pre-motion letter, or in accordance with any briefing schedule set by the Court. Defendant consents to the extension request.

Summary of Plaintiff's Motion

This is an ERISA action brought by Plaintiff John Doe to recover mental health benefits for his 10-year-old son's residential treatment under the Defendant Deloitte LLP Group Insurance Plan, which was administered by Aetna Life Insurance Company ("Aetna"). Plaintiff seeks to move the Court for an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which provides that the court may allow reasonable attorney's fees and costs to a party in its discretion. To establish eligibility for attorney's fees, a claimant must show "some degree of success on the merits." *Hardt*, 560 U.S. at 255. District courts in the Second Circuit have held that under *Hardt*, remand to the plan administrator for a new review and benefits determination constitutes sufficient success on the merits to establish eligibility for attorney's fees and costs under Section 1132(g)(1).

By its Memorandum Opinion and Order ("Order") dated February 24, 2025, this Court denied Defendant's Motion for Summary Judgment, granted Plaintiff's Cross-Motion in part, and remanded the matter to Aetna for a new review. ECF No. 44. The Court concluded that the Aetna's denial was arbitrary and capricious because Aetna did not adequately explain the basis for denial and the denial was rendered "without reason." ECF No. 44 at 2, 6, 12. The Court found that Aetna denied benefits

only on the basis that the Plan "does not cover out of network benefits" and the denial did not address Plaintiff's request for a single case agreement, an exception from the Plan's general prohibition on out-of-network care. *Id.* at 6-7. Aetna's denials stated "perfunctorily that Sandhill was not covered because it was an out-of-network provider." *Id.* The Court found that Aetna's denials violated ERISA notice requirements: "But where, as here, a plan administrator has not even attempted to grapple with the beneficiary's argument that an exception should apply when basing the denial of coverage on the general rule, the denial letter itself falls short of satisfying ERISA's notice requirements." *Id.* at 9-10. Plaintiff's request for attorney's fees and costs is limited to the attorney time and costs incurred from the preparation and filing of the lawsuit through the Court's February 24, 2025 Order.

<u>The Court-Ordered Remand Is "Some Success on the Merits" Which Supports Plaintiff's Eligibility for Attorney's Fees and Costs</u>

This Court's remand to Aetna for a new review and benefits determination constitutes some degree of success on the merits sufficient to support Plaintiff's eligibility for fees and costs under *Hardt*. While the Second Circuit has not yet addressed whether a remand to a plan administrator without more sufficiently satisfies the *Hardt* standard, the weight of authority within and outside this Circuit holds that it is sufficient. *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 77-78 (1st Cir. 2014) (collecting cases holding remand sufficient under *Hardt*).

Courts in the Second Circuit have awarded fees to claimants in ERISA actions based "solely on achieving a remand for further consideration by the administrative body." *Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-CV-7159 (ALC), 2017 WL 464430, at *1 (S.D.N.Y. Feb. 3, 2017); *Nathanial L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 5:22-cv-971 (BKS/MJK), 2025 WL 1127489, at *3 (N.D.N.Y. Apr. 16, 2025) (remand for failure to explain reasoning "is enough to demonstrate" some success on the merits); *Fisher v. Aetna Life Ins. Co.*, No. 16-cv-144 (RJS), 2020 WL 5898788, at *6-7 (S.D.N.Y. Oct. 5, 2020) (noting that a "parade of district courts within this Circuit" have concluded that "[a] remand to the plan administrator without more [] is enough to constitute some degree of success on the merits under *Hardt*"); *Valentine v. Aetna Life Ins. Co.*, No. 14 CV 1752 JFB GRB, 2016 WL 4544036, at *4 (E.D.N.Y. Aug. 31, 2016) (finding that "many courts have concluded that remand – including, as is the case here, because the administrator's decision was arbitrary and capricious – without more, constitutes success on the merits" and collecting cases); *Wallace v. Grp. Long Term Disability Plan For Emps. of TD Ameritrade Holding Corp.*, No. 13 CIV. 6759 LGS, 2015 WL 4750763, at *6 (S.D.N.Y. Aug. 11, 2015) (remand for further consideration resulted in "an adequate degree of success on the merits to warrant attorneys' fees" without considering any other factors regarding eligibility for fees).

Remand is not a purely procedural victory. A remand "ordinarily will reflect the court's judgment that the plaintiff's claim is sufficiently meritorious that it must be reevaluated fairly and fully." *Gross*, 763 F.3d at 78. Remand produces two positive outcomes: "(1) a finding that the administrative assessment of the claim was in some way deficient, and (2) the plaintiff's renewed opportunity to obtain benefits or compensation." *Id.*

Both positive outcomes are present here. Remand was the direct result of the Court's substantive review of the record and its finding that Aetna's denials were arbitrary and capricious and without reason. Plaintiff has achieved the kind of success *Hardt* contemplates: a court-ordered second look at the merits of his claim, compelled by evidence of Aetna's arbitrary decisions. Remand provided Plaintiff with a renewed opportunity to obtain benefits – an opportunity not available without the filing of litigation. That opportunity is recognized by *Hardt* and its progeny as sufficient success on the merits to support a fee award. Further, the remand forced Aetna to fully and fairly evaluate Plaintiff's benefit request. For the first time, Aetna considered Plaintiff's arguments, disclosed criteria, and consulted with a physician. ECF No. 65 at 10-11.

Defendant may assert that the remand only concerned Plaintiff's procedural rights. Ms. Hardt's own success rested in part on the Court's finding that she was denied a full and fair review, which the Court deemed "far more than 'trivial success on the merits.'" *Hardt*, 560 U.S. at 256. "To classify such success as a minimal or 'purely procedural victory' mistakes its importance." *Gross*, 763 F.3d at 78-79. Similarly, here, the Court's remand to Aetna, based on finding that the denials were arbitrary and capricious and "without reason," was not merely a procedural victory.

Defendant may assert that Plaintiff ultimately did not succeed in achieving an award of benefits following the remand. But nothing in *Hardt* conditions a claimant's eligibility for attorney's fees on the eventual award of benefits. "The Supreme Court easily could have identified Hardt's eventual benefits award as a condition of her entitlement to attorney's fees, but it did not do so." *Gross*, 763 F.3d at 78. A remand "even without a positive signal on the plaintiff's eligibility for benefits or a subsequent award of benefits, can constitute some success 'on the merits' under *Hardt.*" *Woolsey v. Aetna Life Ins. Co.*, No. 20-16885, 2022 WL 1598964, at *2 (9th Cir. May 20, 2022).

Plaintiff is therefore eligible for fees, and the Court may award them without further inquiry into eligibility, subject to a determination of reasonable fees. *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014).

<u>Conclusion</u>

Plaintiff respectfully requests the Court permit Plaintiff to file a Motion for Attorney's Fees and Costs and extend the Fed. R. Civ. P. 54(d)(2)(B) motion filing deadline, currently October 14, 2026, so that the motion is due 30 days after the Court issues a ruling on the pre-motion letter, or in accordance with any briefing schedule set by the Court. Defendant provided consent to the extension request as it applies to the deadline for both parties.

Very truly yours,
GREEN HEALTH LAW, APC

*/s/ Elizabeth K. Green*
Elizabeth K. Green, admitted *pro hac vice*
Counsel for Plaintiff John Doe