GREEN HEALTH LAW
ERISA Health Benefit Appeals and Litigation

201 N. Brand Boulevard, Suite 200
Glendale, CA 91203
(818) 722-1164
egreen@greenhealthlaw.com

October 9, 2026

*VIA ECF*
Honorable John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Doe v. Deloitte LLP Group Insurance Plan;* Case No. 1:23-cv-04743-JPC
Plaintiff's Response to Defendant's October 8, 2026 Pre-Motion Letter

Dear Judge Cronan:

I am Plaintiff's counsel for the case *Doe v. Deloitte LLP Group Insurance Plan* and submit this response to Defendant's October 8, 2026 pre-motion letter (ECF No. 68), pursuant to the Court's Individual Rules and Practices in Civil Cases. Plaintiff confirms that the parties jointly request an extension of the Fed. R. Civ. P. 54(d)(2)(B) deadline.

Plaintiff opposes Defendant's request for leave to file a motion for attorney's fees and costs. Defendant's letter does not summarize any grounds for its anticipated motion beyond judgment in its favor, which is not a basis for a fee award against an ERISA plaintiff. Defendant identifies no bad faith, dishonesty, or other culpable conduct by Plaintiff that could support such an award.

The Second Circuit has held that "when determining whether attorney's fees should be awarded to defendants, we focus on the first *Chambless* factor: whether plaintiffs brought the complaint in good faith." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011). The unusual circumstances that may warrant an award of attorney's fees to Defendant – such as bad faith or intentional dishonesty – do not exist here. *Miller v. Nat'l Ass'n of Sec. Dealers, Inc.*, 703 F. Supp. 2d 230, 251-52 (E.D.N.Y. 2010) (finding no bad faith by plaintiff and denying defendant's request for attorney's fees). A "benefits claimant who reasonably believes that he is entitled to benefits is not acting in bad faith, even if the facts do not bear out his belief." *Id.* at 252. Courts "have cautioned that the five factors 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (quoting *West v. Greyhound Corp.*, 813 F.2d 951, 956 (9th Cir. 1987)).

The culpability of a losing plaintiff is significantly different from a losing defendant: "A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found 'culpable,' but may be only in error or unable to prove his case." *Id.* at 28 (*quoting Marquardt v. North Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981)). The purpose of ERISA is to protect the interests of

the plan beneficiaries and "allow them to enforce their statutory right," and a "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith." *Id.* (quoting *Jones v. O'Higgins*, 736 F. Supp. 1243, 1245 (N.D.N.Y. 1990)).

Plaintiff's benefits claim was brought in good faith against Defendant for wrongly denying mental health benefits for his young son. The Court determined that Aetna's denial was arbitrary and capricious because Aetna did not adequately explain the basis for denial and the denial was rendered "without reason." ECF No. 44 at 6. The Court found Aetna violated ERISA and ordered a new review. *Id.* at 8, 12. Although the Court entered judgment for Defendant, Plaintiff brought an indisputably colorable claim – confirmed by the Court's finding that Aetna violated ERISA – and the *Chambless* factors weigh strongly against granting fees to Defendant.

Therefore, Plaintiff respectfully requests the Court deny Defendant's request to file a fee motion and Plaintiff intends to oppose such a motion.

Very truly yours,
GREEN HEALTH LAW, APC

*/s/ Elizabeth K. Green*
Elizabeth K. Green, admitted *pro hac vice*
Counsel for Plaintiff John Doe