UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHN DOE,

Plaintiff,

-against-

DELOITTE LLP GROUP INSURANCE PLAN,

Defendant.

-----------------------------------------------------------X

23-CV-04743-JPC

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

ECF CASE

Plaintiff John Doe, pursuant to Federal Rules of Civil Procedure 54(d)(2) and 29 U.S.C. § 1132(g)(1), submits the following Memorandum of Law in support of Plaintiff's Motion for Attorney's Fees and Costs.

# TABLE OF CONTENTS

**Page**


I. Introduction ....... 1

II. Procedural History ....... 2

III. The Remand Order Constitutes "Some Success on the Merits" Under *Hardt* and Warrants an Award of Reasonable Attorney's Fees and Costs ....... 3

IV. Plaintiff Satisfies the *Chambless* Factors for an Award of Reasonable Attorney's Fees ....... 7

1. Culpable Conduct ....... 8
2. Ability to Satisfy an Award ....... 9
3. Deterrence ....... 9
4. Merits ....... 10
5. Common Benefit ....... 11

V. The Requested Attorney's Fees and Costs are Reasonable and Limited in Scope ....... 12

A. The Requested Hourly Rate is Below the Prevailing Market Rate in this District ....... 12

B. The *Johnson* Factors Support the Requested Rate ....... 14

C. Local Counsel's Fees Are Reasonable, Limited, and Non-Duplicative ....... 14

D. The Hours Are Reasonable and Limited in Scope ....... 15

E. Costs ....... 15

VI. Requested Relief ....... 16

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Sotheby's, Inc.*,
No. 04-cv-8180 (SAS), 2006 WL 2637535 (S.D.N.Y. Sept. 11, 2006) ....9

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*,
522 F.3d 182 (2d Cir. 2008)....12

*Benjamin v. Oxford Health Ins., Inc.*,
355 F. Supp. 3d 131 (D. Conn. 2019)....11

*Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*,
652 F.3d 277 (2d Cir. 2011)....12

*Blanchard v. Bergeron*,
489 U.S. 87 (1989)....12

*Caplan v. CNA Financial Corp.*,
573 F. Supp. 2d 1244 (N.D. Cal. 2008)....10

*Chambless v. Masters, Mates & Pilots Pension Plan*,
815 F.2d 869 (2d Cir. 1987)....7

*Cohen v. Life Ins. Co. of N. Am.*,
No. 17-cv-9270, 2019 WL 1785095 (S.D.N.Y. Apr. 24, 2019)....15

*Cook v. N.Y. Times Co. Long-Term Disability Plan*,
2004 U.S. Dist. LEXIS 8306 (S.D.N.Y. Apr. 13, 2004)....6

*Demonchaux v. UnitedHealthcare Oxford*,
No. 10-cv-4491 (DAB), 2014 WL 1273772 (S.D.N.Y. Mar. 27, 2014)....8, 10, 11

*Dimopoulou v. First Unum Life Ins. Co.*,
No. 1:13-CV-7159 (ALC), 2017 WL 464430 (S.D.N.Y. Feb. 3, 2017)....4, 7

*Doe v. Deloitte LLP Grp. Ins. Plan*,
767 F. Supp. 3d 106 (S.D.N.Y. 2025)....11

*Donachie v. Liberty Life Assur. Co. of Bos.*,
745 F.3d 41 (2d Cir. 2014)....7, 8

*Dwyer v. UnitedHealthcare Ins. Co.*,
No. 1:17-cv-00439-RP, 2026 WL 184247 (W.D. Tex. Jan. 21, 2026), adopted, ECF No. 140 (W.D. Tex. Feb. 9, 2026)....14

*Farbotko v. Clinton Cnty. of New York*,
433 F.3d 204 (2d Cir. 2005)....13

*Fisher v. Aetna Life Ins. Co.*,
No. 16-cv-144 (RJS), 2020 WL 5898788 (S.D.N.Y. Oct. 5, 2020)....4, 9, 10, 11

*Graziano v. First Unum Life Ins. Co.*,
No. 21-cv-2708, 2024 WL 1175143 (S.D.N.Y. Mar. 19, 2024)....13

*Gross v. Sun Life Assur. Co. of Canada*,
763 F.3d 73 (1st Cir. 2014) ........ 3, 4, 5, 6

*Hardt v. Reliance Standard Life Ins. Co.*,
560 U.S. 242 (2010) ........ 1, 5, 6, 7, 8, 16

*Johnson v. Ga. Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974) ........ 12

*Locher v. Unum Life Ins. Co. of Am.*,
389 F.3d 288 (2d Cir. 2004) ........ 8, 9, 10, 11

*Massachusetts Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985) ........ 10

*Miller v. United Welfare Fund*,
72 F.3d 1066 (2d Cir. 1995) ........ 7

*Nathanial L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*,
No. 5:22-cv-971 (BKS/MJK), 2025 WL 1127489 (N.D.N.Y. Apr. 16, 2025) ...... 4, 8, 9, 11

*Paese v. Hartford Life & Accident Ins. Co.*,
449 F.3d 435 (2d Cir. 2006) ........ 8

*Paese v. Hartford Life & Accident Ins. Co.*,
No. 02 CIV. 9778 (DC), 2004 WL 764760 (S.D.N.Y. Apr. 9, 2004) ........ 9

*Quesinberry v. Life Ins. Co. of N. Am.*,
987 F.2d 1017 (4th Cir. 1993) ........ 7

*Thomas R. v. Hartford Life & Accident Ins. Co.*,
No. 21-CV-1388 (JGK), 2025 WL 754123 (S.D.N.Y. Mar. 10, 2025) ........ 12, 13, 15

*Valentine v. Aetna Life Ins. Co.*,
No. 14 CV 1752 JFB GRB, 2016 WL 4544036 (E.D.N.Y. Aug. 31, 2016) ........ 4, 8

*Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*,
71 F.3d 1053 (2d Cir. 1995) ........ 15

*Veltri v. Bldg. Serv. 32B-J Pension Fund*,
No. 02 CIV. 4200HB, 2004 WL 856329 (S.D.N.Y. Apr. 20, 2004) ........ 9, 10

*Wallace v. Grp. Long Term Disability Plan For Emps. of TD Ameritrade Holding Corp.*,
No. 13 CIV. 6759 LGS, 2015 WL 4750763 (S.D.N.Y. Aug. 11, 2015) ........ 4

*Woolsey v. Aetna Life Ins. Co.*,
No. 20-16885, 2022 WL 1598964 (9th Cir. May 20, 2022) ........ 6

**Statutes** **Page(s)**

29 U.S.C. § 1132(g)(1) ........ 1, 7, 15

# MEMORANDUM OF LAW

## I. Introduction

Plaintiff moves the Court for an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) which provides that the court may allow reasonable attorney's fees and costs to a party in its discretion. To establish eligibility for attorney's fees, a claimant must show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Under *Hardt*, courts hold that remand to the plan administrator for a new review and benefits determination constitutes sufficient success on the merits to establish eligibility for attorney's fees and costs under Section 1132(g)(1). Plaintiff is eligible for attorney's fees and costs based on the Court's February 24, 2025 Order which found that Aetna's denial was arbitrary and capricious and ordered remand to Aetna for a new review and determination. ECF No. 44 ("Remand Order"). Plaintiff's requested fees are limited to the attorney work from the inception of the lawsuit to the issuance of the Remand Order, and preparation of the present motion. Although not required for a fee award, Plaintiff also satisfies the *Chambless* factors supporting an award of attorney's fees.

Plaintiff's requested fees are reasonable based on prevailing rates for attorneys representing ERISA claimants in this District. The hours incurred are reasonable and necessary to achieve the remand ordered by the Court. Moreover, the requested fees reflect a voluntary reduction in Plaintiff's counsel's standard hourly rate, and a voluntary reduction of 10% of the total requested fees to account for any potential inefficiency or redundancy.

Plaintiff respectfully requests the Court grant Plaintiff attorney's fees in the amount of $130,731.00 and costs in an amount of $948.28, subject to supplementation.

II. Procedural History

This is an ERISA action brought by Plaintiff John Doe to recover mental health benefits for his 10-year-old son's residential treatment under the Defendant Deloitte LLP Group Insurance Plan, which was administered by Aetna Life Insurance Company ("Aetna").

By its Memorandum Opinion and Order dated February 24, 2025 (the "Remand Order"), this Court denied Defendant's Motion for Summary Judgment, granted Plaintiff's Cross-Motion in part, and remanded the matter to Aetna for a new review. ECF No. 44. The Court concluded that Aetna's denial was arbitrary and capricious because Aetna did not adequately explain the basis for denial and the denial was rendered "without reason." *Id.* at 2, 6, 12. The Court found that Aetna denied benefits only on the basis that the Plan "does not cover out of network benefits" and the denial did not address Plaintiff's request for a single case agreement, "an exception from the Plan's general prohibition on out-of-network care." *Id.* at 6-7. Aetna's denials stated "perfunctorily that Sandhill was not covered because it was an out-of-network provider." *Id.* at 7. The Court found that Aetna's denials violated ERISA notice requirements: "But where, as here, a plan administrator has not even attempted to grapple with the beneficiary's argument that an exception should apply when basing the denial of coverage on the general rule, the denial letter itself falls short of satisfying ERISA's notice requirements." *Id.* at 9-10. The Court remanded to Aetna for a new review with the instructions "to specifically address in any decision whether Sandhill should be granted a single case agreement, including consideration of Plaintiff's arguments concerning the adequacy of in-network offerings." *Id.* at 12.

On remand, Aetna again denied benefits and denied Plaintiff's administrative appeal. ECF No. 65 at 1. However, Aetna's review considered – for the first time – Plaintiff's arguments regarding a single case agreement and the adequacy of in-network facilities. *Id.* at 10, 21. Also,

for the first time, Aetna disclosed the criteria it relied on and consulted with a physician reviewer. *Id.* at 11. The parties then filed cross-motions for summary judgment. *Id.*

On September 29, 2026, the Court granted Defendant's motion under an abuse of discretion standard of review. *Id.* at 19, 37. The Court found that Aetna's decisions on remand provided a full and fair review and the denial was supported by substantial evidence. *Id.* at 21, 37. In doing so, the Court recognized that Aetna's "failure to provide a full and fair explanation initially" was "rectified in the appeal on remand." *Id.* at 19. Judgment was entered for Defendant on September 30, 2026. ECF No. 66.

## III. The Remand Order Constitutes "Some Success on the Merits" Under Hardt and Warrants an Award of Reasonable Attorney's Fees and Costs

ERISA Section 502(g)(1) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Based on the Court's Remand Order, Plaintiff requests that the Court order reasonable attorney's fees and costs, as outlined below and in attached declarations, because Plaintiff satisfies the requirements for eligibility for fees and costs under *Hardt* and the *Chambless* factors, and the requested fees are reasonable and limited in scope.

This Court's remand to Aetna for a new review and benefits determination constitutes some degree of success on the merits sufficient to support Plaintiff's eligibility for fees and costs under *Hardt*. While the Second Circuit has not yet addressed whether a remand to a plan administrator without more sufficiently satisfies the *Hardt* standard, the weight of authority within and outside this Circuit holds that it is sufficient. *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 77-78 (1st Cir. 2014) (collecting cases holding remand sufficient under *Hardt*).

Courts in the Second Circuit have awarded fees to claimants in ERISA actions based "solely on achieving a remand for further consideration by the administrative body." *Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-CV-7159 (ALC), 2017 WL 464430, at *1 (S.D.N.Y. Feb. 3, 2017); *Nathanial L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 5:22-cv-971 (BKS/MJK), 2025 WL 1127489, at *3 (N.D.N.Y. Apr. 16, 2025) (remand for failure to explain reasoning "is enough to demonstrate" some success on the merits); *Fisher v. Aetna Life Ins. Co.*, No. 16-cv-144 (RJS), 2020 WL 5898788, at *6-7 (S.D.N.Y. Oct. 5, 2020) (noting that a "parade of district courts within this Circuit" have concluded that "[a] remand to the plan administrator without more [] is enough to constitute some degree of success on the merits under *Hardt*"); *Valentine v. Aetna Life Ins. Co.*, No. 14 CV 1752 JFB GRB, 2016 WL 4544036, at *4 (E.D.N.Y. Aug. 31, 2016) (finding that "many courts have concluded that remand – including, as is the case here, because the administrator's decision was arbitrary and capricious – without more, constitutes success on the merits" and collecting cases); *Wallace v. Grp. Long Term Disability Plan For Emps. of TD Ameritrade Holding Corp.*, No. 13 CIV. 6759 LGS, 2015 WL 4750763, at *6 (S.D.N.Y. Aug. 11, 2015) (remand for further consideration resulted in "an adequate degree of success on the merits to warrant attorneys' fees" without considering any other factors regarding eligibility for fees).

Remand is not a purely procedural victory. A remand "ordinarily will reflect the court's judgment that the plaintiff's claim is sufficiently meritorious that it must be reevaluated fairly and fully." *Gross*, 763 F.3d at 78. Remand produces two positive outcomes: "(1) a finding that the administrative assessment of the claim was in some way deficient, and (2) the plaintiff's renewed opportunity to obtain benefits or compensation." *Id.*

Both positive outcomes are present here. Remand was the direct result of the Court's substantive review of the record and its finding that Aetna's denials were arbitrary and capricious and "without reason." ECF No. 44 at 6. Plaintiff has achieved "some success on the merits," as required by *Hardt*. *Hardt,* 560 U.S. at 255. Based on Aetna's arbitrary and capricious denials, the Court ordered a "new review by Aetna to adequately articulate its determination." ECF No. 44 at 6. This "new review" of the merits on Plaintiff's claim provided a renewed opportunity to obtain benefits, an opportunity Plaintiff would not have had without filing this litigation. Courts applying *Hardt* recognize that opportunity as sufficient success on the merits to support a fee award. *See Gross*, 763 F.3d at 78. Further, the remand required Aetna to fully and fairly evaluate Plaintiff's benefit request, which it did for the first time on remand. On remand, Aetna considered Plaintiff's arguments, disclosed its criteria, and consulted with a physician. ECF No. 65 at 10-11.

Here, Plaintiff achieved "some success on the merits" because the Court held that Aetna's denials were arbitrary and capricious, finding Aetna's denials were "without reason" or adequate explanation. ECF No. 44 at 2, 6, 12. The Court held:

- Aetna's denials did not address Plaintiff's request for a single case agreement, or his arguments that in-network facilities were inadequate, and it was not "apparent that Aetna even considered" an exception under the Plan. *Id.* at 7.
- The criteria Aetna used to deny a single case agreement were not apparent from the record, which "severely hampers this Court's ability to review whether the denial of benefits was supported by substantial evidence." *Id.* at 8.
- Without adequate notice by Aetna about the basis for denial, Plaintiff was unable to "perfect [his] claim" on appeal. *Id.* at 9.

- The Court rejected Defendant's attempt to cure the deficient denial letters with other parts of the administrative record, noting the "severe risk" of after-the-fact justifications. *Id.* at 10–11.
- The Court rejected Defendant's argument that remand would be futile. *Id.* at 8 n.8.

Defendant may assert that the remand only concerned Plaintiff's procedural rights. However, Ms. Hardt's own success rested in part on the Court's finding that she was denied a full and fair review, which the Court deemed "far more than 'trivial success on the merits.'" *Hardt*, 560 U.S. at 256. "To classify such success as a minimal or 'purely procedural victory' mistakes its importance." *Gross*, 763 F.3d at 78-79. Similarly, here, the Court's remand to Aetna, based on finding that the denials were arbitrary and capricious and "without reason," was not merely a procedural victory.

Defendant may assert that Plaintiff is not entitled to attorney's fees because the Court ultimately did award benefits following the remand. But nothing in *Hardt* conditions a claimant's eligibility for attorney's fees on the eventual award of benefits. "The Supreme Court easily could have identified Hardt's eventual benefits award as a condition of her entitlement to attorney's fees, but it did not do so." *Gross*, 763 F.3d at 78. A remand "even without a positive signal on the plaintiff's eligibility for benefits or a subsequent award of benefits, can constitute some success 'on the merits' under *Hardt*." *Woolsey v. Aetna Life Ins. Co.*, No. 20-16885, 2022 WL 1598964, at *2 (9th Cir. May 20, 2022). In *Cook v. N.Y. Times Co. Long-Term Disability Plan*, 2004 U.S. Dist. LEXIS 8306, at *5-6 (S.D.N.Y. Apr. 13, 2004), the court rejected the defendant's argument that attorney's fees were not warranted because plaintiff only obtained a remand, explaining that it would "not reduce the award by speculating about whether plaintiff's claim for benefits will ultimately fail," because the plaintiff "achieved a successful outcome by

convincing the Court that the defendant had not fairly decided her claim."

Plaintiff is therefore eligible for fees, and the Court may award them without further inquiry into eligibility, subject to a determination of reasonable fees. *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014).

IV. Plaintiff Satisfies the *Chambless* Factors for an Award of Reasonable Attorney's Fees

After the *Hardt* decision, whether a plaintiff has obtained some degree of success on the merits is the sole factor the court must consider in exercising discretion in determining whether to award attorney's fees. *Id.*; *Hardt*, 560 U.S. at 254-55 ("Because these five factors[1] bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section."). The court may award attorney's fees to a plaintiff who has achieved "some degree of success on the merits," without applying the *Chambless* factors. *Id.*; *Dimopoulou*, 2017 WL 464430, at *2.

Therefore, although not required, Plaintiff also satisfies the relevant *Chambless* factors traditionally applied in determining whether attorney's fees should be granted: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of plan participants. *Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir. 1995) (citing *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir. 1987)).

Following *Hardt*, the first and fourth factors are not consistent with *Hardt*. The first *Chambless* factor requires a finding of bad faith or culpable conduct which implies a finding

---

[1] Discussing the five factors set forth in *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993) which are identical to the *Chambless* factors.

greater than the "some success on the merits" required by *Hardt.* The Supreme Court in *Hardt* made it clear that fees are appropriate with a finding of only "some success," a much less stringent finding than bad faith or culpable conduct. Likewise, the fourth *Chambless* factor, the relative merits of the parties' positions, is unnecessary under *Hardt* which held that "some success on the merits" is sufficient basis for eligibility for a fee award. *Hardt*, 560 U.S. at 254-255.

Even if, *arguendo,* the *Chambless* factors are considered, Plaintiff is entitled to attorney's fees because the relevant *Chambless* factors favor Plaintiff.

1. Culpable Conduct

A finding of bad faith is not required to satisfy the first *Chambless* factor. *Donachie*, 745 F.3d at 47. The factor is satisfied when the defendant's determination was arbitrary and capricious, or it deprived the plaintiff of a full and fair review. *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 298–99 (2d Cir. 2004) (administrator that did not act in bad faith was nonetheless culpable).

An arbitrary and capricious denial of benefits "suffices to show [the plan administrator's] culpability." *Demonchaux v. UnitedHealthcare Oxford*, No. 10-cv-4491 (DAB), 2014 WL 1273772, at *4 (S.D.N.Y. Mar. 27, 2014); *Tindel,* 2025 WL 1127489, at *3 ("a showing of bad faith is not required" and "finding that the administrator's review of the claim was arbitrary and capricious is sufficiently culpable to weigh in favor of granting attorney's fees" (quoting *Valentine*, 2016 WL 4544036, at *5)). Courts have likewise found culpability where an administrator failed to provide a full and fair review. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006) ("[I]t was entirely appropriate for the district court to consider the degree to which 'Hartford failed to engage in a fair and open-minded consideration

of Paese's claim'" (*quoting Paese v. Hartford Life & Accident Ins. Co.*, No. 02 CIV. 9778(DC), 2004 WL 764760, at *10 (S.D.N.Y. Apr. 9, 2004))); *Locher*, 389 F.3d at 299; *Veltri v. Bldg. Serv. 32B-J Pension Fund*, No. 02 CIV. 4200HB, 2004 WL 856329, at *3 (S.D.N.Y. Apr. 20, 2004).

Here, Aetna's conduct was culpable. This Court held that Aetna's denials were arbitrary and capricious and "without reason," and that Aetna violated ERISA and failed to provide Plaintiff a full and fair review. ECF No. 44 at 6-10, 12. That finding alone resolves this factor in Plaintiff's favor.

2. Ability to Satisfy an Award

Defendant is a self-funded employee benefit plan sponsored by Deloitte LLP. *See* ECF No. 57-1 at 30. Deloitte LLP reported aggregate global revenue of $70.5 billion for the fiscal year ending May 31, 2026.[2] Defendant clearly has the financial ability to satisfy an attorney's fees award. This factor weighs in Plaintiff's favor.

3. Deterrence

An award of attorney's fees would serve as a deterrent, one of the only ways in which ERISA plan administrators can be deterred from issuing improper claims decisions. The deterrence factor "is not meant to deter plan administrators from repeating specific, wrongful conduct," but rather "to deter [them] from engaging in generically culpable conduct." *Fisher*, 2020 WL 5898788, at *8 (quoting *Anderson v. Sotheby's, Inc.*, No. 04-cv-8180 (SAS), 2006 WL 2637535, at *4 (S.D.N.Y. Sept. 11, 2006)). "[D]eterring plan administrators from arbitrarily and capriciously denying claims in the future" is "a laudatory goal" that "is enough to tip this factor in [Plaintiff's] favor." *Tindel*, 2025 WL 1127489, at *4 (quoting *Fisher*, 2020 WL 5898788, at

[2] https://www.deloitte.com/global/en/about/press-room/global-revenue-announcement-2025.html (last accessed November 9, 2026).

*8); *see Demonchaux*, 2014 WL 1273772, at *5 ("an award of attorney's fees would serve to deter administrators from making arbitrary and capricious benefits denials."); *Locher*, 389 F.3d at 299 (award of fees would deter similarly inappropriate claims evaluation procedures); *Veltri*, 2004 WL 856329, at *4 ("an award of attorney's fees would provide incentives for a somewhat less cavalier attitude towards member inquiries in the future.").

ERISA does not authorize an award of compensatory or punitive damages for bad faith behavior by insurance companies or health plans. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (holding compensatory and punitive damages not available remedies for ERISA benefit claims). As a result, courts acknowledge that an award of attorneys' fees and costs is a way of deterring violations of ERISA. *Caplan v. CNA Financial Corp*., 573 F. Supp. 2d 1244, 1248 (N.D. Cal. 2008) (an "award of attorneys' fees could serve to deter other plan administrators from denying meritorious disability claims," which "could indirectly benefit other individuals").

Thus, the deterrence of future behavior by Aetna supports an award of fees. A fee award signals to ERISA plans and insurers that arbitrary denials and prolonged litigation against families paying substantial out-of-pocket costs for denied healthcare can have considerable financial consequences for the plan as well.

4. Merits

The fact that Plaintiff achieved "some success on the merits" and the fact that this Court held that Aetna's denials were arbitrary and capricious and that Aetna failed to provide Plaintiff with a full and fair review demonstrate that for purposes of the Remand Order, the merits favor Plaintiff. In *Fisher*, the court found the merits factor favored the plaintiff even though they "are something of a mixed bag," because she "at least succeeded in forcing Aetna to provide a revised

justification for its decision to deny her ERISA benefits." *Fisher*, 2020 WL 5898788, at *8. Plaintiff prevailed in part on the first round of dispositive briefing, resulting in the Remand Order. The Court held that Aetna's denial was arbitrary and capricious, rejected Defendant's attempt to cure its deficient denial letters with the broader record, and rejected Defendant's argument that remand would be futile. ECF No. 44 at 6–12 & n.8. Although the Court ultimately upheld Aetna's denial on remand, it did so only after the Remand Order compelled Aetna, for the first time, to consider Plaintiff's arguments, disclose its criteria, and obtain physician review. ECF No. 65 at 10-11, 18-19. Plaintiff seeks fees only for the work that produced the Remand Order. As to that phase of the litigation, the relative merits favor Plaintiff.

5. <u>Common Benefit</u>

Plaintiff's action has value beyond his own claim. The Court's published Remand Order is a judicial reminder that a plan administrator must address the reasons appealed and provide specific reasons for denial. *Doe v. Deloitte LLP Grp. Ins. Plan*, 767 F. Supp. 3d 106 (S.D.N.Y. 2025).

Even so, the absence of a common benefit for the litigation "does not preclude an award of attorneys' fees." *Locher*, 389 F.3d at 299; *see also Benjamin v. Oxford Health Ins., Inc.*, 355 F. Supp. 3d 131, 141 (D. Conn. 2019) ("this factor favors Defendant, but it carries little weight in the Court's analysis."). Courts in this Circuit routinely award fees where the first, third, and fourth factors favor the plaintiff, regardless of this factor. *See Demonchaux*, 2014 WL 1273772, at *5 ("Here, where the degree of culpability, deterrence, and relative merits factors favor Plaintiff, the ability to pay factor is neutral, and the common benefit factor favors Defendant, the Court finds that Plaintiff is entitled to an award of attorney's fees and costs."); *Tindel*, 2025 WL 1127489, at *4.

V. The Requested Attorney's Fees and Costs are Reasonable and Limited in Scope

Plaintiff's requested attorney's fees and costs are reasonable based on the prevailing rates for ERISA attorneys in this jurisdiction, and limited to work from the inception of litigation to the Remand Order and in preparation of this motion.

Attorney's fees "are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). Courts in the Second Circuit may consider several factors in determining the reasonableness of the hourly rate, including rates charged by attorneys of comparable skill, experience, and reputation in the community, and the *Johnson* factors which include the time and labor required, the novelty or difficulty of the question, and the experience, reputation, and ability of the attorneys. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186-190 (2d Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)); *Thomas R. v. Hartford Life & Accident Ins. Co.*, No. 21-CV-1388 (JGK), 2025 WL 754123, at *3 (S.D.N.Y. Mar. 10, 2025).

A. The Requested Hourly Rate is Below the Prevailing Market Rate in this District

Plaintiff's attorney's fees are based on the prevailing market rate for ERISA counsel of similar experience and skill required for this case. Plaintiff requests an hourly rate of $800 for lead counsel Elizabeth Green, a voluntary reduction from Ms. Green's current hourly rate of $900. Declaration of Elizabeth K. Green ("Green Decl.") ¶ 26-27.

The requested rate is below the rates awarded to ERISA counsel of comparable experience in this District. In *Thomas R.*, the court awarded Scott M. Riemer $832.50 per hour,

after a 10% reduction from his requested rate of $925. *Thomas R.*, 2025 WL 754123, at *4, 7. Courts in this District have awarded Mr. Riemer hourly rates between $788 and $875. *See Graziano v. First Unum Life Ins. Co.*, No. 21-cv-2708, 2024 WL 1175143, at *3 (S.D.N.Y. Mar. 19, 2024) ($788); *Thomas R.*, 2025 WL 754123, at *6 (citing two S.D.N.Y. decisions awarding fees at Mr. Riemer's hourly rate of $875).

Ms. Green's background is comparable to Mr. Riemer's. Like Mr. Riemer, Ms. Green founded a law firm focused on representing ERISA claimants. Declaration of Scott Madison Riemer ("Riemer Decl.") ¶ 3; Green Decl. ¶ 2. Both attorneys have litigated ERISA benefit claims for decades and have been counsel in published federal appellate decisions. Riemer Decl. ¶ 4; Green Decl. ¶ 11. Both attorneys have served as lead counsel or co-lead in an ERISA class action in this District. Riemer Decl. ¶ 5; Green Decl. ¶ 15. And both attorneys are recognized authorities who write and speak nationally on ERISA topics. Riemer Decl. ¶¶ 6–8; Green Decl. ¶¶ 19–20. Mr. Riemer considers Ms. Green "a peer with abilities and experience at least commensurate with my own." Riemer Decl. ¶ 12. Plaintiff's requested rate is reasonable because it falls within the range this District has awarded to a Mr. Riemer, a peer of comparable experience and skill in ERISA litigation. *Id.*

Plaintiff has provided satisfactory evidence in the form of the declarations of Mr. Riemer and Ms. Hess, "that the requested hourly rates are the prevailing market rates." *Thomas R.*, 2025 WL 754123, at *5-6 (quoting *Farbotko v. Clinton Cnty of New York*, 433 F.3d 204, 209 (2d Cir. 2005). Two experienced ERISA practitioners in this District attest that a rate of at least $900 per hour is reasonable for Ms. Green given her skill, experience, and reputation. Riemer Decl. ¶¶ 12–15; Declaration of Jennifer Hess ("Hess Decl.") ¶¶ 28–29. Ms. Green has voluntarily reduced her

hourly rate to $800, well within the range of rates this District has awarded to experienced ERISA counsel. Green Decl., ¶ 27.

B. The Johnson Factors Support the Requested Rate

Ms. Green's unique specialization in ERISA health benefit claims applies to several *Johnson* factors. Health claims are a narrow specialty within ERISA, presenting complex issues, often of first impression, that require knowledge of ERISA regulations, the Affordable Care Act, the Mental Health Parity and Addiction Equity Act, and often state insurance law. Green Decl. ¶¶ 9–10. Very few attorneys handle ERISA health matters for claimants. *Id.* ¶¶ 12-14, 16-18. Ms. Green receives inquiries daily from across the country, serves as pro hac vice counsel nationwide, and receives referrals from attorneys in other states and from New York law firms. *Id.*; *see* Riemer Decl. ¶ 13; Hess Decl. ¶ 26. Ms. Green has 28 years of experience representing claimants, has served as lead or co-lead counsel in numerous published ERISA health decisions, including in this District, and co-edits the American Bar Association's treatise chapter on the regulation of employee health care benefit plans. Green Decl. ¶¶ 5, 11, 15, 20. She has represented Plaintiff on a contingency basis since 2023 without payment. *Id.* ¶ 28. And in February 2026, a federal district court awarded attorney's fees based on the hourly rate of $800, for work performed from 2017 through 2025, in an ERISA action concerning a minor's mental health treatment. *Id.* ¶ 24; *Dwyer v. UnitedHealthcare Ins. Co.*, No. 1:17-cv-00439-RP, 2026 WL 184247, at *5 (W.D. Tex. Jan. 21, 2026), *adopted*, ECF No. 140 (W.D. Tex. Feb. 9, 2026).

C. Local Counsel's Fees Are Reasonable, Limited, and Non-Duplicative

Plaintiff also seeks $5,595.00 in attorney's fees for local New York counsel, The Killian Firm, P.C., which has served in that role since the lawsuit was filed. Declaration of Eugene Killian, Jr. ("Killian Decl.") ¶¶ 1, 20. From the inception of the case until the Remand Order,

local counsel billed a total of 15 hours by Eugene Killian, Jr, Dimitri Teresh, and Fatima Rameriz. *Id.* ¶ 19. Mr. Killian has been a member of the New York bar since 1986, has nearly 40 years of insurance litigation experience, and has an hourly rate of $500. *Id.* ¶¶ 1, 2, 10, 13. Mr. Teresh has been a member of the New York bar since 2013 and has an hourly rate of $425. *Id.* ¶¶ 14-15. Ms. Ramirez is a paralegal with an hourly rate of $100. *Id.* ¶ 16. These rates are at or below rates this District has found reasonable in ERISA cases. *See Thomas R.*, 2025 WL 754123, at *7 (awarding $540 and $405 for associates and $270 to $346.50 for paralegals). Local counsel also exercised billing judgment, reviewing its records and voluntarily deducting $402.50 for possible duplicate entries. Killian Decl. ¶ 20.

D. The Hours Are Reasonable and Limited in Scope

Plaintiff seeks fees only for work from April 21, 2023 through the Court's February 24, 2025 Remand Order, and work on this motion and anticipated reply brief. Green Decl. ¶ 29, Exh. A. Plaintiff does not seek attorney's fees for any work during the remand or on the second round of dispositive briefing. *Id.* The requested fees total $130,731.00, documented in contemporaneous time records showing the date, the task performed, and the time spent. *Id.* ¶¶ 29-30; Exh. A; Killian Decl., Exh. A. Time reasonably spent preparing a fee application is compensable. *See Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059-60 (2d Cir. 1995).

E. Costs

Plaintiff seeks an award of litigation costs reasonably incurred in litigation in the amount of $948.28 pursuant to 29 U.S.C. § 1132(g). Green Decl., ¶ 31, Exh. B. A successful plaintiff may "recover reasonable out-of-pocket expenses incurred during litigation as part of an attorneys' fee award." *Thomas R.*, 2025 WL 754123, at *2 (quoting *Cohen v. Life Ins. Co. of N.*

*Am.*, No. 17-cv-9270, 2019 WL 1785095, at *2 (S.D.N.Y. Apr. 24, 2019)); *see Hardt*, 560 U.S. at 244-45.

VI. Requested Relief

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's motion and award $130,731.00 in attorney's fees and $948.28 in costs to Plaintiff.

Dated: November 12, 2026

By: /s/ *Elizabeth K. Green*

Elizabeth K. Green, admitted *pro hac vice*
California State Bar No. 199634
GREEN HEALTH LAW, APC
201 N. Brand Blvd., Suite 200
Telephone: (818 722-1164
E-mail: egreen@greenhealthlaw.com

Eugene Killian, Jr., Esq. (Attorney ID 2043289)
Dimitri Teresh, Esq. (Attorney ID 5125281)
THE KILLIAN FIRM, P.C.
48 Wall Street, 11th Floor,
New York, NY 10005
(732) 713-1510
E-mail: ekillian@tkfpc.com
E-mail: dteresh@tkfpc.com

Attorneys for Plaintiff
John Doe

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1(c)**

The undersigned, counsel of record for Plaintiff John Doe, certifies that this brief contains 4,715 words, which complies with the word limit of Local Civil Rule 7.1(c).

Dated: November 12, 2026

By: /s/ *Elizabeth K. Green*

Elizabeth K. Green, admitted *pro hac vice*
California State Bar No. 199634
GREEN HEALTH LAW, APC
201 N. Brand Blvd., Suite 200
Telephone: (818 722-1164
E-mail: egreen@greenhealthlaw.com