UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Doe,

Plaintiff,

v.

Deloitte LLP Group Insurance Plan,

Defendant.

Civil Action No. 1:23-cv-04743-JPC

**DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

**Judge John P. Cronan**

Pursuant to 29 U.S.C. § 1132(g)(1), FED. R. CIV. P. 54(d)(2), the Court's September 29, 2026 Opinion and Order granting Defendant Deloitte LLP Group Insurance Plan ("Deloitte") summary judgment and denying Plaintiff John Doe's motion for summary judgment (ECF No. 65), and the judgment entered in favor of Deloitte and against Plaintiff dated September 30, 2026 (ECF No. 66), Deloitte, by and through the undersigned counsel, Squire Patton Boggs (US) LLP ("Squire"), respectfully submits this Memorandum of Law in support of its Motion for Attorneys' Fees requesting $131,532.50 in attorneys' fees in the above-captioned matter. This memorandum is supported by the Declaration of Daniel B. Pasternak ("Pasternak Decl."), attached hereto as **Exhibit A**, and the exhibits thereto, including its accompanying detailed summary of attorneys' fees.

## I. BACKGROUND

Plaintiff filed the Complaint on June 6, 2023, (ECF No. 1), bringing claims under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), relating to benefits Plaintiff sought for his dependent son's residential treatment at Sandhill Center, an out-of-network facility located in New Mexico ("Sandhill"). Plaintiff was a participant in

Deloitte's employee health benefit plan, which is administered by Aetna Life Insurance Company ("Aetna"). (ECF No. 65 at 1). Upon consideration of the parties' cross-motions for summary judgment, the Court remanded the case to Aetna in February 2025 "for a new review and further explanation of the basis of its decision." (*Id.*). Following further administrative review, including an administrative appeal submitted by Plaintiff, Aetna issued its November 11, 2025 decision upholding its denial of Plaintiff's claim. Aetna explained that suitable in-network alternatives to Sandhill existed and that Sandhill, as an out-of-network facility, did not satisfy the plan's criteria for out-of-network treatment, including on a single case agreement basis. (*Id.* at 11). The parties thereafter filed renewed cross-motions for summary judgment. (ECF Nos. 56, 57). On September 29, 2026, the Court upheld the denial of Plaintiff's claim on both grounds and granted summary judgment in favor of Deloitte. (ECF No. 65). Judgment was entered on September 30, 2026. (ECF No. 66).

Deloitte does not seek fees for the original litigation that led to the remand, or for the administrative review that preceded the November 11, 2025 appeal determination. Its request is limited to the post-remand litigation period, in which the Court granted Deloitte summary judgment and denied Plaintiff's cross-motion. (ECF Nos. 65, 66).

## II. ARGUMENT

ERISA permits the Court, in its discretion, to award reasonable attorney's fees to either party. 29 U.S.C. § 1132(g)(1). A party is eligible for an award "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 151–52 (2d Cir. 2013) (stating that "ERISA does not contain a prevailing party standard and instead provides district courts with broader discretion in determining when and to whom attorney's fees should be awarded," and that "[t]he Supreme Court in *Hardt* appears to have left room for many factual scenarios to satisfy the standard of some success on the merits"); *see also*

*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). The Court's September 29, 2026 Order granting summary judgment in favor of Deloitte satisfies that threshold.

Upon a finding of eligibility, a fee award "lies within the discretion of the district court." *Hardt*, 560 U.S. at 245 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). When determining whether to award fees to a successful ERISA defendant, courts primarily focus on whether the plaintiff pursued the claim in good faith. *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011). Material factual misrepresentations can support a defense fee award. *Seitzman v. Sun Life Assurance Co. of Canda, Inc.*, 311 F.3d 477, 484–86 (2d Cir. 2002).

**A. The Court Should Award Deloitte Attorneys' Fees Under ERISA.**

Deloitte requests an attorneys' fee award for the fees incurred in litigating this matter after remand was complete and after Aetna issued its November 11, 2025 decision upholding denial; no fees are requested for any period prior to that date. Deloitte's request arises not only from its favorable judgment on September 30, 2026, but also based upon Plaintiff's improper reliance on factual premises contradicted by contemporaneous records as set forth in Plaintiff's briefing after Aetna's November 11, 2025 decision. Plaintiff's misleading statements and reliance on such misrepresentations support a defense fee award. *Seitzman*, 311 F.3d at 484–86.

Plaintiff asserted that two in-network facilities, Meridell Achievement Center in Liberty Hill, Texas ("Meridell") and Center for Discovery in Bellevue, Washington, each would not admit his son, A.D., because of his age and clinical diagnoses. (ECF No. 56-1 ("Pl. Motion")). But the Court identified contemporaneous communications in the administrative record explicitly contradicting those claims, including confirmations from Plaintiff's own educational consultant that both Meridell and Center for Discovery were willing to accept A.D. despite his age and diagnoses. (ECF No. 65 at 24–25).

Plaintiff also relied on a March 2023 email to argue that another in-network provider, Oak Plains Academy in Ashland City, Tennessee ("Oak Plains"), was unavailable to accept A.D. for treatment in September 2022 because it was not accepting referrals until April 1, 2023. (Pl. Motion at 20). The Court expressly identified that representation as "a misleading recitation of the record." (ECF No. 65 at 26). Plaintiff additionally continued to maintain in his motion briefing that Oak Plains had a five-week waitlist, an argument the Court determined was contradicted by contemporaneous records in the administrative record ("there is no basis to reject Aetna's conclusion that Oak Plains was available without an unreasonable delay…Aetna was not required to credit Plaintiff's assertion, three years later, that Oak Plains had a five-week wait, DGIP 1917, 1931, when its contemporaneous records contradict that account, *see* DGIP 1958[.]"). (*Id.* at 26).

Further, Plaintiff's briefing repeatedly characterized Aetna's criteria for approval of an out-of-network facility on a single case exception basis as "secret criteria" that was "not disclosed to the public or Plan participants." (ECF No. 61 ("Pl. Opp."), at 15). The Court rejected this characterization because the record showed that Plaintiff had notice of the criteria before deciding to admit A.D. for treatment at Sandhill as well as Aetna's position that Sandhill did not satisfy those criteria. (ECF No. 65 at 35).

Plaintiff likewise represented that Sandhill was a state-licensed residential treatment (Pl. Motion at 26), yet the only licenses in the administrative record—which Plaintiff himself submitted on remand—were issued on November 19, 2023, more than a year after A.D.'s October 11, 2022 admission. (ECF No. 59 at 11 & fn.2; DGIP 1949–50). Even after Deloitte identified this misrepresentation, Plaintiff asserted, without record support, that the 2023 certificates "confirmed Sandhill's ongoing licensure status." (ECF No. 64 ¶ 112).

Plaintiff further told the Court that A.D.'s "entire medical team" recommended Sandhill (Pl. Motion at 15, 18), but the treating providers' contemporaneous 2022 letters recommended residential care generally and identified no specifically recommended facility; rather, their Sandhill-specific opinions surfaced only in letters written for the purpose of Plaintiff's post-claim denial appeals, including from a provider who did not begin evaluating A.D. until the spring of 2023, after A.D.'s admission into Sandhill. (ECF No. 64 ¶¶ 32, 110; DGIP 1942).

Considered together, Plaintiff's repeated reliance on factual premises contradicted by contemporaneous records supports a finding that Plaintiff did not pursue the claim in good faith following Aetna's claim determination following remand, warranting a fee award in favor of Deloitte. *Seitzman*, 311 F.3d at 484–86. Those record contradictions were material to Plaintiff's arguments about the claimed unavailability or unsuitability of in-network providers and that Sandhill did not meet the criteria for approval as an out-of-network provider on a single case agreement basis. Deloitte asks the Court to find that Plaintiff's continued reliance on those factual misrepresentations exceeded a good faith disagreement about coverage.

The earlier remand does not resolve the fee consequences of later conduct. By excluding the first phase of this litigation and the administrative review preceding the November 2025 appeal decision, Deloitte confines its request to the phase in which the Court sustained the fully explained claim denial. An award tied only to culpable factual presentations in that phase would deter comparable conduct without imposing fees merely because a participant requested review or ultimately lost.

**B. Deloitte's Attorneys' Fees Are Reasonable.**

In reviewing a request for an award of attorneys' fees, courts generally consider the reasonableness of the hourly rate for the timekeepers involved and the number of hours they expended, as set forth in the request. *Taaffe v. Life Ins. Co. of N.A.*, 769 F.Supp.2d 530, 542

(S.D.N.Y. 2011). In exercising its "considerable discretion" as to attorneys' reasonable hourly billing rates, the court's analysis is guided by the principle that the "reasonable hourly rate is the rate that a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The Court may consider the prevailing market rates for similar services by lawyers of reasonably comparable skill, experience, and reputation; its own knowledge of private firm hourly rates; and the difficulty of questions involved, the skill required to handle the problem, the time and labor required, the lawyers' experience, ability, and reputation, the customary fee charged by the Bar for similar services, and the amount involved. *Taaffe*, 769 F.Supp.2d at 542 (internal citations and quotations omitted).

Here, the attached declaration of Daniel B. Pasternak and the itemized time entries attached thereto establish that Squire was paid $131,532.50 in attorneys' fees from November 11, 2025 through the September 30, 2026 entry of judgment. (*See* Pasternak Decl. at ¶¶ 6, 13, 15). Such fees should be awarded as reasonable.

**1. Deloitte's Counsel's Hourly Rates Are Reasonable.**

There are three Squire timekeepers relevant to this fee request: two partners and an associate. (Pasternak Decl. at ¶¶ 7, 9). Their biographies and roles are described in the declaration. (*Id*. at ¶¶ 10–12, Exs. A–C). Squire charged as follows for services rendered on Deloitte's behalf pursuing summary judgment following Aetna's renewed review:

- $375 per hour for attorney Gabrielle Martin;
- $650 per hour for attorney Daniel Pasternak; and
- $650 per hour for attorney Kristine Woliver.

(*See id*. at ¶ 21).

These rates are reasonable for lawyers of comparable skill and expertise. (*Id*. at ¶¶ 18, 19, 22). Attorneys Daniel Pasternak and Gabrielle Martin each practice in the District of Arizona. (*Id*. at ¶ 22). Attorney Kristine Woliver practices in the Northern and Southern Districts of Ohio. (*Id*.) Both Arizona and Ohio are lower cost jurisdictions than New York and the rates utilized in this matter are reasonable based on nature and complexity of the work performed. (*Id*. at ¶¶ 19–22).

The hourly rates in this matter were preapproved in Deloitte's billing system. (*Id*. at ¶ 21). Further, Squire has already been paid for the services provided on Deloitte's behalf from November 11, 2025 through September 30, 2026. (*Id*. at ¶ 15). These amounts are thus per se reasonable. *See Taaffe*, 769 F.Supp.2d at 542; *see also Aurora Commercial Corp. v. Approved Funding Corp.*, Case No. 13-CV-230 (RPP), 2014 WL 3866090, at *3 (S.D.N.Y. Aug. 6, 2014) ("The reasonable hourly rate is the rate that a paying client would be willing to pay.").

### 2. The Number of Hours Expended Pursuing Summary Judgment Is Reasonable.

Deloitte seeks a fee award for less than 205 hours of attorneys' fees. (*See* Pasternak Decl. at ¶ 16). This figure is reasonable given (1) the scope of the tasks Squire performed pursuing summary judgment, and (2) the results obtained. *See Aurora*, 2014 WL 3866090, at *3 ("The court ascertains the reasonable hourly rate by . . . considering the following case-specific factors: . . . the nature and extent of the services rendered . . . [and] the results obtained . . . .") (citation omitted).

Recoverable fees were incurred performing various tasks, including, among other things: (1) researching and drafting Deloitte's Motion for Summary Judgment (ECF No. 57), a Memorandum of Law in support of that motion (ECF No. 57-1), and an accompanying Statement of Undisputed Material Facts in support of that motion (ECF No. 57-2); (2) review of Plaintiff's Opposition to that motion and Plaintiff's response to Deloitte's Statement of Undisputed Material

Facts (ECF No. 61); (3) researching and drafting of a Reply in support of that motion (ECF No. 63); (4) review, analysis, and drafting of Deloitte's Opposition (ECF Nos. 59; 60) to Plaintiff's Motion for Summary Judgment (ECF No. 56), Memorandum of Law (ECF No. 56-1), and Separate Statement of Material Facts in support of that motion (ECF No. 56-2); (5) review and analysis of Plaintiff's Reply submitted in support of that motion (ECF No. 62); (6) submission of a Response in Opposition to Plaintiff's controverting and additional fact statements submitted in support of that motion (ECF No. 64); and (7) several client meetings and conferences. (Pasternak Decl. at ¶ 6).

As a result of these efforts, Deloitte's motion for summary judgment was granted in full, Plaintiff's motion for summary judgment was denied, and judgment was entered in Deloitte's favor. (ECF No. 65 at 37).

**3. Deloitte's Counsel Reduced Fees to Ensure Reasonableness.**

During the course of Squire's representation, Squire reviewed and reduced its fee charges before submission to Deloitte in order to avoid the billing of any unnecessary, duplicative, or excessive time, and in order to reduce the amount of total fees incurred. (Pasternak Decl. at ¶¶ 16–17). Furthermore, Squire also removed from this fee request any fees incurred prior to November 11, 2025. (*Id.* at ¶ 17). Although fees for all of Squire's invoiced time have been paid in full, Deloitte does not seek to collect all such fees from Plaintiff here. (*Id.*).

## III. CONCLUSION

For the foregoing reasons, Deloitte respectfully requests that the Court award attorneys' fees in the amount of $131,532.50.

Dated: November 12, 2026

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Daniel B. Pasternak*
Daniel B. Pasternak (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, Arizona 85016
T: (602) 528-4000
F: (602) 253-8129
daniel.pasternak@squirepb.com

Paul D. Erian
SQUIRE PATTON BOGGS (US) LLP
1120 Avenue of the Americas, 13th Floor
New York, New York 10036
T: (212) 872-9800
F: (212) 872-9815
paul.erian@squirepb.com



1109309960\3\AMERICAS

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing **DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** contains 2,312 words (not including the case caption, signature block, or required certificates), as indicated by the word count function of Microsoft Word, the word-processing program used to prepare the document, and therefore complies with the word-count limitation in Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and in Rule 2.B of Judge John P. Cronan's Individual Rules and Practices in Civil Cases.

*/s/ Daniel B. Pasternak*

Daniel B. Pasternak (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, Arizona 85016
T: (602) 528-4000
F: (602) 253-8129
daniel.pasternak@squirepb.com

**CERTIFICATION UNDER INDIVIDUAL RULE 2.E**

I HEREBY CERTIFY, pursuant to Rule 2.E of Judge John P. Cronan's Individual Rules and Practices in Civil Cases, that I, Daniel B. Pasternak, counsel for Defendant Deloitte LLP Group Insurance Plan, that an artificial intelligence tool, Harvey, was used to assist in preparing portions of the foregoing **DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**, including identifying portions of the parties' summary judgment submissions and the administrative record bearing on Plaintiff's factual assertions. Further, Westlaw's AI-Assisted Research tool, an artificial intelligence tool, was used to assist with legal research, including identifying potentially relevant authorities and analyzing legal issues addressed in the foregoing memorandum.

I FURTHER CERTIFY that I personally reviewed the filing for accuracy. The steps taken to verify that accuracy were as follows: (1) each cited case, statute, regulation, and rule was retrieved from Westlaw and read to confirm it exists, that the citation and pin cite are correct, that any quotation is accurate, and that the authority supports the proposition for which it is cited and remains good law; (2) each citation to the Court's Opinions and Orders (ECF Nos. 44, 65) and to the parties' filings (including ECF Nos. 56, 56-1, 59, 60, 61, 61-1, 62, 63, and 64) was checked against the filed version of the document to confirm the docket number, page or paragraph number, and the accuracy of any quotation or characterization; and (3) each citation to the administrative record (ECF No. 55) by DGIP page number was checked against the record to confirm that the cited page states what the filing attributes to it, including dates and quoted language.

*/s/ Daniel B. Pasternak*
Daniel B. Pasternak

## CERTIFICATION UNDER INDIVIDUAL RULE 2.E

I HEREBY CERTIFY, pursuant to Rule 2.E of Judge John P. Cronan's Individual Rules and Practices in Civil Cases, that I, Paul D. Erian, counsel for Defendant Deloitte LLP Group Insurance Plan, that an artificial intelligence tool, Harvey, was used to assist in preparing portions of the foregoing **DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**, including identifying portions of the parties' summary judgment submissions and the administrative record bearing on Plaintiff's factual assertions. Further, Westlaw's AI-Assisted Research tool, an artificial intelligence tool, was used to assist with legal research, including identifying potentially relevant authorities and analyzing legal issues addressed in the foregoing memorandum.

I FURTHER CERTIFY that I personally reviewed the filing for accuracy. The steps taken to verify that accuracy were as follows: (1) each cited case, statute, regulation, and rule was retrieved from Westlaw and read to confirm it exists, that the citation and pin cite are correct, that any quotation is accurate, and that the authority supports the proposition for which it is cited and remains good law; (2) each citation to the Court's Opinions and Orders (ECF Nos. 44, 65) and to the parties' filings (including ECF Nos. 56, 56-1, 59, 60, 61, 61-1, 62, 63, and 64) was checked against the filed version of the document to confirm the docket number, page or paragraph number, and the accuracy of any quotation or characterization; and (3) each citation to the administrative record (ECF No. 55) by DGIP page number was checked against the record to confirm that the cited page states what the filing attributes to it, including dates and quoted language.

*<u>/s/ Paul D. Erian</u>*
Paul D. Erian

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 12, 2026, I caused a copy of the foregoing **DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** to be served via ECF/CM filing on the ECF registrants for this case.

*/s/Laura M. Ramirez*