UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Doe,<br><br>Plaintiff,<br><br>v.<br><br>Deloitte LLP Group Insurance Plan,<br><br>Defendant. | Civil Action No. 1:23-cv-04743-JPC<br><br>**DECLARATION OF DANIEL B. PASTERNAK IN SUPPORT OF DEFENDANT DELOITTE LLP GROUP INSURANCE PLAN'S MOTION FOR ATTORNEYS' FEES**<br><br>**Judge John P. Cronan** |

DANIEL B. PASTERNAK declares as follows:

1. I am an attorney admitted to practice in the States of Arizona and Illinois. I am a Partner in the law firm of Squire Patton Boggs (US) LLP ("Squire"), attorneys for Defendant Deloitte LLP Group Insurance Plan ("Deloitte") in the above-captioned matter. I am familiar with the proceedings in this case. I have personal knowledge of the matters addressed herein.

2. I am a member in good standing of the bars of the States of Arizona and Illinois. I was admitted to practice in Illinois in 1994 (Bar No. 6225802) and was admitted to practice in Arizona in 2005 (Bar No. 023751). I am also admitted to *pro hac vice* by the United States District Court for the Southern District of New York for purposes of this case (ECF No. 17), and am in good standing with this Court.

3. I submit this declaration in support of Deloitte's Motion for Attorneys' Fees.

4. As an attorney of record in this matter, I personally rendered and supervised legal services performed by Squire in this matter from June 2023 through the present on behalf of Deloitte in connection with its defense of a claim for health insurance benefits brought pursuant

to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), by Plaintiff John Doe in the above-captioned matter.

5. Deloitte retained Squire as its legal counsel to defend Deloitte against Plaintiff's claim for health insurance benefits under ERISA.

6. The services which I, or my colleagues, provided or supervised in connection with Deloitte's defense of Plaintiff's claim since November 11, 2025[1] include researching and drafting Deloitte's Motion for Summary Judgment (ECF No. 57), its Memorandum of Law in support of that motion (ECF No. 57-1), an accompanying Statement of Undisputed Material Facts in support of that motion (ECF No. 57-2), review of Plaintiff's Opposition to that motion and Plaintiff's response to Deloitte's Statement of Undisputed Material Facts (ECF No. 61), and researching and drafting of a Reply in support of that motion (ECF No. 63). The services provided by myself and my colleagues since November 11, 2025 additionally included review, analysis, and drafting of Deloitte's Opposition (ECF Nos. 60; 60-1) to Plaintiff's Motion for Summary Judgment (ECF No. 56), Memorandum of Law (ECF No. 56-1), and Separate Statement of Material Facts in support of that motion (ECF No. 56-2), review and analysis of Plaintiff's Reply submitted in support of that motion (ECF No. 62), submission of a Response in Opposition to Plaintiff's controverting and additional fact statements submitted in support of that motion (ECF No. 64), and attending client meetings and conferences.

7. Each of the attorneys who performed legal work on behalf of Deloitte in this matter are partners or associates at Squire.

[1] As explained in Deloitte's Motion for Attorneys' Fees, Deloitte seeks an award of attorneys' fees only for the period following the issuance of Aetna's claim determination on remand.

8. Squire is a large international law firm with offices all over the world, including in New York, New York; Phoenix, Arizona; and Columbus, Ohio.

9. The attorneys who performed legal services on behalf of Deloitte in this matter were myself, Kristine Woliver, and Gabrielle Martin.

10. I am a Partner in the Phoenix, Arizona office of Squire. I have 32 years of experience in labor, employment, and employee benefits litigation and counseling. My biography describing my education and experience is attached as Exhibit A. I directed overall litigation strategy throughout the life of this matter and was involved in researching, analyzing and drafting all of Deloitte's pleadings related to the parties' cross-motions for summary judgment (ECF Nos. 56-64). My contributions to this matter are summarized in the billing narratives attached as Exhibit D.

11. Kristine Woliver is a Partner in the Columbus, Ohio office of Squire. Ms. Woliver has 12 years of experience in employment and employee benefits litigation and counseling. Ms. Woliver's biography describing her education and experience is attached as Exhibit B. Ms. Woliver was involved in researching, analyzing and drafting all of Deloitte's pleadings related to the parties' cross-motions for summary judgment (ECF Nos. 56-64). Ms. Woliver's contributions to this matter are summarized in the billing narratives attached as Exhibit D.

12. Gabrielle Martin is an Associate in the Phoenix, Arizona office of Squire. Ms. Martin has three years of experience in employment and employee benefits litigation and counseling. Ms. Martin's biography describing her education and experience is attached as Exhibit C. Ms. Martin was the lead associate in the above-captioned matter and assisted with researching, analyzing, and drafting all of Deloitte's pleadings related to the parties' cross-

motions for summary judgment (ECF Nos. 56-64). Ms. Martin's contributions to this matter are summarized in the billing narratives attached as Exhibit D.

13. Attached as Exhibit D hereto is a detailed description of the services provided by the Squire attorneys who performed legal services in the above-captioned matter on behalf of Deloitte (Daniel Pasternak, Kristine Woliver, and Gabrielle Martin) between November 11, 2025 through the Court's September 30, 2026 entry of judgment in Deloitte's favor. Exhibit D states the date the work was performed, identifies the individual who performed it, describes the work performed, states the amount of time expended in performing that work, and sets forth the fee for that work. The information in Exhibit D is based on detailed contemporaneous time records maintained by the Squire attorneys who performed work in the above-captioned matter and contains true and accurate narrative descriptions prepared by the Squire attorneys in real time.

14. In reviewing the time records that are included in Exhibit D, I determined that certain entries contained information that is protected from disclosure under the attorney-client privilege or attorney work product doctrine. Therefore, certain entries are redacted; those redactions are limited only to the extent necessary to protect such privileged information while providing a description of the nature and general subject matter of the activity performed. Should the Court wish to conduct *in camera* review of unredacted entries to assess the reasonableness of Deloitte's fees, Deloitte will promptly make such unredacted records available for the Court's review.

15. As indicated on Exhibit D, Squire was paid $131,532.50 in reasonable attorneys' fees since November 11, 2025 in this matter. This amount does not include any fees or costs relating to preparation of Deloitte's Motion for Attorneys' Fees. Deloitte is seeking this amount in attorneys' fees incurred in relation to prevailing on Plaintiff's ERISA claim.

16. I have reviewed and approved the 203.50 hours billed to Deloitte, as set forth in Exhibit D. Each of the tasks described therein was reasonable and necessary to appropriately defend against Plaintiff's ERISA claim and obtain a judgment in favor of Deloitte.

17. I have ensured that the time actually billed to Deloitte was reasonable and not excessive, including eliminating any unnecessary, duplicative, or excessive time prior to submission to Deloitte. In that regard, during the course of Squire's representation, Squire agreed to reduced hourly rates in order to reduce the amount of fees and costs incurred defending this matter. Squire also removed from the present fee request any fees incurred prior to November 11, 2025. Although fees for all of Squire's invoiced time have been paid in full, Deloitte does not seek to collect all such fees from Plaintiff here.

18. I am familiar with the prevailing market rates at similar firms with offices in Phoenix, Arizona; Columbus, Ohio; and New York, New York.

19. Based on my experience, the rates of the Squire attorneys who provided services to Deloitte in this matter are reasonable for the services provided in their respective jurisdictions.

20. The legal services Squire performed for Deloitte in this matter for which Deloitte seeks a fee award occurred between 2025 and 2026. It is customary in the industry for the billing rates of attorneys to fluctuate upwards or downwards from year to year. However, Squire agreed to discounted billing rates for the life of this matter and therefore Squire did not change the rates it charged for its services in this matter at any time during the period for which it seeks attorneys' fees.

21. The rate Squire charged for work performed by Partners Daniel Pasternak and Kristine Woliver was $650 per hour. The rate Squire charged for work performed by Associate Gabrielle Martin was $375 per hour. These rates were preapproved in Deloitte's billing system.

22. These rates are comparable to (or below) those rates charged by equally experienced and competent counsel at similar firms in the jurisdictions in which they practice. Attorneys Daniel Pasternak and Gabrielle Martin each practice in the District of Arizona. Attorney Woliver practices in the Northern and Southern Districts of Ohio.

23. After reviewing the time records and evaluating the efforts necessary to pursue a judgment in favor of Deloitte from November 11, 2025 through September 30, 2026, I believe the amount sought in the accompanying Motion for Attorneys' Fees is reasonable and appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of November, 2026.

*/s/ Daniel B. Pasternak*
Daniel B. Pasternak